CALHOUN v. PORT ROYAL &c. RAILWAY COMPANY.

1. MOTION FOR NEW TRIAL—DECISION—TIME.—Where a motion for new trial was made on the minutes of the court, and heard at the same term at which the verdict was rendered, and decided as soon as the judge had duly deliberated, his order granting a new trial must be regarded as filed *nunc*

*pro tunc;* it relates back to the time of the hearing, and was, in contemplation of law, heard and decided at the term of the verdict.

2. IBID.—IBID.—JUDGMENT.—Doubted whether a judgment may be entered on a verdict, pending motion for a new trial; but if entered, an order afterwards filed granting the motion cannot, for this cause, be reversed on appeal.

3. JUDGMENT ABSOLUTE for respondent directed to be entered in accordance with the stipulation of appellant in his notice of appeal.

Before WALLACE, J., Abbeville, October, 1893.

Action by Thomas Calhoun against the Port Royal and Western Carolina Railway Company, to recover for injuries sustained by plaintiff while a passenger on one of defendant's trains.

*Messrs. Graydon & Graydon,* for appellant.

*Messrs. Ganahl & Ganahl* and *Parker & McGowan,* contra.

July 27, 1894.  The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.  This case was tried at the October term, 1893, of the Court of Common Pleas for Abbeville County, on Tuesday, the 17th of October, and the jury rendered their verdict, in favor of the plaintiff, on Wednesday the 18th of October.  Thereupon a motion for a new trial was made on the minutes, and the same was heard during the term by his honor, Judge Wallace, who reserved his decision.  The October term of said court expired by its own limitation on Saturday, the 21st of October, and the same was adjourned *sine die,* on that day, before any decision of the motion for a new trial was rendered; but on the 26th of November, 1893, Judge Wallace filed with the clerk of the Court of Common Pleas for Abbeville County an order, of which the following is a copy: "This case was heard by me at the October term of the Court of Common Pleas for Abbeville County, S. C., and the jury empanelled therein rendered a verdict for the plaintiff. A motion was made before me during the term on the minutes, and so entered, for a new trial, on the ground that the verdict was not supported by the testimony.  After careful consideration of the testimony in the case, I am of the opinion that there

was not sufficient testimony upon which to base the verdict. It is, therefore, ordered, that a new trial be, and the same is hereby, granted. November 26th, 1893." In the meantime, to wit: on the 3d day of November, 1893, after due notice to the attorneys for defendant, and without objection from them, counsel for plaintiff entered judgment on the verdict in favor of plaintiff, and issued execution for the enforcement of the same.

Within ten days after notice of the filing of the order of Judge Wallace, granting a new trial, plaintiff's counsel gave notice of intention to appeal therefrom, "with consent that, in case the said order of Judge Wallace be affirmed, judgment absolute may be rendered against the appellant. The exceptions of the plaintiff are as follows: "I. Because the Code of Procedure expressly provides that the motion for a new trial shall be heard and decided at the same term of the court at which the case is tried, and it was error in his honor to file an order granting a new trial in this case more than a month after the final adjournment of the court at which the case was tried. II. Because his honor had no power to make any order in the case after the final adjourment of the court at which it was tried. III. Because his honor did not give a different direction to the clerk, who thereupon entered the judgment herein in accordance with the verdict, and his honor had no power to set aside the verdict and grant a new trial after the judgment had been entered on the said verdict. IV. Because his honor had no power to set aside a judgment entered in accordance with the provisions of the Code of Procedure and the rules of court without a direct, formal, application for that purpose, and could only do it, in that event, at a regular term of the court. V. Because his honor was without jurisdiction to make the order aforesaid, and it is submitted that the same is null and void."

The first, second, and fifth exceptions make substantially the same question, and may, therefore, be considered together. That question is, whether Judge Wallace, under the circumstances of this case, had jurisdiction to make the order of 26th November, 1893. His power to do so is

assailed upon the ground that the Code requires that a motion for a new trial on the minutes, must be heard and decided during the term at which the case is tried. The sections of the Code relied upon to sustain this position are 286 and 287. So much of the former section as relates to this matter reads as follows: "The judge who tries the cause may, in his discretion, · entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such motions, if heard upon the minutes, can only be heard at the same term at which the trial is had." It is very obvious that the provision just quoted does not sustain the position taken by appellant, for it only requires that the motion shall be "*heard*" at the same term, but does not require that the motion shall be "*decided*" at that term; and inasmuch as, in this case, it appears that the motion was "heard" at the same term, it is clear that appellant's position in this case is not sustained by section 286. It is contended, however, that the provisions of section 287 are still more explicit, and do sustain the position of appellant. So much of that section as is pertinent to the present inquiry reads as follows: "A motion for a new trial on a case or exceptions, or otherwise, * * * must, in the first instance, be heard and decided at the same term;" and the words "or otherwise" are claimed to be sufficient to include a motion for a new trial on the minutes.

The only authority (if it can be so called) cited to sustain this construction, is certain language used by the writer of this opinion, in his dissenting opinion in the case of *Molair* v. *Railway Company*, 31 S. C., 524, but which, so far as we are informed, has never yet received the approval of the court; for in that case the majority of the court based its opinion, upon this point, upon the ground that the motion for a new trial was submitted to the Circuit Judge at chambers, and, therefore, the motion was not "*heard*" during the term, as may be seen by reference to page 517. But even granting that the construction placed upon these two sections, in the dissenting opinion just referred to, is the correct construction (and I am free to say that I still think so), yet that will not conclude the

present inquiry.   Assuming, then, for the purposes of this dis-
cussion, that, under a proper construction of sections 286 and
287, when considered together, a motion for a new trial on the
minutes must be "heard and decided" during the same term
at which the case was tried, the practical inquiry still remains
whether the motion for a new trial was heard and decided
during the term at which the case was tried.   As we have al-
ready said, the "Case" shows, beyond dispute, that the motion
was "*heard,*" and argued *pro* and *con* during the term, and
after argument, the Judge announced that he would consider
it.   Accordingly, after the lapse of a little over a month, the
judge announced the result of his consideration in the form of
the order appealed from.   It is apparent from the nature of
the motion, and the basis upon which it rested—insufficiency
of the evidence—that it was the duty of the judge to examine
carefully all the testimony, and taking notice judicially of the
fact that he was then on the circuit, we will assume, as a mat-
ter of simple justice to the judge, that as soon as he had com-
pleted the examination of the testimony, he expressed his
conclusion in the form of the order in question, which was filed
on the 26th of November, 1893, *nunc pro tunc,* and the motion
must, therefore, be regarded as not only *heard* but *decided*
during the term.

The same principle upon which we rest this decision was
recognized and applied in the recent case of *Aultman* v. *Utsey,*
35 S. C., 596–7, as well as by the Supreme Court of the United
States in *Mitchell* v. *Overman,* 103 U. S., 62, in which case Mr.
Justice Harlan uses the following language, which, it seems to
us, is conclusive of the present inquiry: "The adjudged cases
are very numerous in which have been considered the circum-
stances under which courts may properly enter a judgment or
a decree as of a date anterior to that on which it was in fact
rendered.   *  *  *   We content ourselves with saying that the
rule established by the general concurrence of the American
and English courts is, that where the delay in rendering a
judgment or a decree arises from the act of the court—that is,
where the delay has been caused, either for its convenience or
by the multiplicity or press of business, either the intricacy of

the question involved or of any other cause not attributable to the laches of the parties—the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up.    In such cases, upon the maxim *actus curiæ neminem gravabit*—which has been well said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice—it is the duty of the court to see that the parties shall not suffer by the delay."

The third and fourth exceptions seem to relate to the effect of the entry of the judgment in favor of the plaintiff, pending the consideration of the motion for a new trial.    It will be observed that the order appealed from makes no allusion to such judgment.    Indeed, we have no reason to suppose that Judge Wallace knew that a judgment had been entered when he filed his order granting a new trial; and we do not see how the nature or effect of such a judgment can be injected into this appeal.    Indeed, as was said in *Kaminitsky* v. *Railroad Company*, 25 S. C., at page 67, "It was certainly proper to withhold the judgment until the motion for a new trial was heard;"[1] and it may admit of grave question whether any judgment could properly have been entered while the judge was considering the question whether there should be a new trial.    But that matter is not now before us.

It seems to us, therefore, that the order appealed from must be affirmed, and that the defendant is entitled to judgment absolute against the plaintiff, in accordance with the stipulation contained in his notice of appeal.

The judgment of this court is, that the order appealed from be affirmed, and that the defendant have judgment absolute against the plaintiff, and for the purpose of making such judgment effectual, the case is remanded to the Circuit Court for Abbeville County for such further proceedings as may be requisite.

---

[1] See, too, Tribble *v.* Poore, 28 S. C., 568.