9059

## TOWN OF DENMARK v. CORLEY.

(84 S. E. 884.)

CRIMINAL LAW.   NEW TRIALS.   APPEAL AND ERROR.

APPEAL AND ERROR—NEW TRIALS.—Where an appeal from order grant-
ing a new trial in a criminal case involves only questions of law, the
Court may render judgment absolute on appeal; but where questions
of fact are involved, which prevent the entry of judgment absolute,
the appeal will be dismissed.

Before SEASE, J., Bamberg, March, 1914.   Appeal dis-
missed.

Prosecution by town of Denmark against M. D. Corley
for storing intoxicating liquors.   From an order of the
Circuit Court granting a new trial, the town appeals.

The order appealed from was as follows:

"This cause came on to be heard before me at the present
term of Court, alleging error in the town of Denmark in
trying the defendant for that the said officers of said town
had not qualified or taken the constitutional oath as provided
for in article 3, section 26 of the Constitution of 1895.

Alleging error further in allowing the testimony as to a
search warrant when there was no sufficient warrant to
search defendant's premises.

Alleging error further in allowing the marshal to testify
as to a search warrant when he had not been sworn in as
required by law; in other words, that he had not taken the
constitutional oath as above stated.

Alleging error, because the warrant under which the
defendant was first arrested was not sworn to, and on
motion the same was quashed, and the said Court erred in
writing out a similar warrant and affidavit and having
same signed by marshal or other person and arresting the
defendant and trying him summarily."

The further exceptions were not passed upon.

"The Court is of the opinion that the record having disclosed the fact that the officers of the town not having taken the constitutional oath, as required by the Constitution as aforesaid, and not holding over, having been just elected, they are not officers *de facto,* and this exception is sustained.

The Court is of the further opinion that the defendant is entitled to a new trial, because the warrant having been quashed, the defendant was entitled to be discharged from said arrest and the record having disclosed the fact that counsel objected to the trial of the cause at that time. And under the circumstances disclosed by the record I hold that the defendant has not had a fair trial.

The Court is of the opinion that the objection as to the testimony by the marshal or other persons disclosing the fact that contraband liquors were found upon the premises of the defendant is not tenable; I am of the opinion that the town had the right to prove by any person or persons who may have seen or found contraband liquors upon the premises of the defendant, they had a right to prove it, and this exception is overruled. Let the defendant have a new trial, and it is so ordered."

*Mr. J. Wesley Crum, Jr.,* for appellant, cites: *As to grant of new trial on grounds not raised by exceptions:* Code Civil Proc., sec. 397; 34 S. C. 162.

*Mr. James E. Davis,* for respondent.

April 9, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was tried by a jury before the town council of the town of Denmark for storing liquor unlawfully and appealed to the Circuit Court, which granted him a new

trial, whereupon the town council appealed from the order of the Circuit Court, which will be reported.

Two of the grounds upon which the new trial was granted involve questions of law which are untenable, and, if nothing further appeared, this Court would render judgment absolute. There is, however, a third ground upon which the new trial was granted, to wit, that the defendant did not have a fair trial. The record shows that the facts were involved in this ruling and prevents this Court from rendering judgment absolute. *Daughty* v. *N. W. Ry. Co.*, 92 S. C. 361, 75 S. E. 553.

Appeal dismissed.