13521

KING v. WESTERN UNION TELEGRAPH CO. *ET AL.*

(166 S. E., 629)

502

*Messrs. F. R. Stark, Nelson & Mullins, J. D. Nock* and *W. M. Stokes,* for appellants,

*Messrs. Samuel Want, L. M. Lawson* and *Melvin Hyman,* for respondent,

November 23, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This appeal is from an order of his Honor, Judge Dennis, granting plaintiff's motion for a new trial.

The facts of the case, briefly stated, are these: On April 5, 1930, a bicycle being ridden by one Nelson, a messenger of the defendant company, collided with plaintiff's intestate, Blackwell, who was thereby severely injured. Some time thereafter Blackwell died from the injuries received, and the plaintiff, as administratrix of his estate, brought two suits against the company and Nelson, one for damages for suffering and expenses and the other for wrongful death. Both cases were tried together, the jury finding for the defendants. Immediately after the verdicts were published, Mr. Hyman, representing the plaintiff, asked the Court to note on its record a motion for a new trial. The Court did so, making the following notation on the calendar in each case: "Verdict for defts. Motion for new trial." The Circuit Judge afterwards stated that this notation was intended by him as being equivalent to marking the motion "heard," with the understanding that arguments would be made on

some subsequent date by agreement between the Court and counsel, and no question is raised as to this construction of the notation. The Court adjourned *sine die* on May 28, 1931, and, after some correspondence between counsel representing the respective parties, the motion was argued on July 24, 1931, and later the Court filed an order granting a new trial on the following ground: "That the remarks and manner of the Court throughout the trial of this case tended to create in the minds of the jury a conviction that the Court did not regard the claim of the plaintiff as meritorious."

Judge Dennis in his order said, in part: "I have carefully reviewed the record and considered the argument of counsel in relation to this ground of the motion. It is fundamental that the full hearing and fair trial of the facts by jury to which a litigant is entitled should not be impaired by the slightest indication to the jury on the part of the Court as to the opinion of the presiding Judge on the facts. The trial of this case was long and tedious. It came on for hearing at the end of a two weeks' term, and I am constrained to say that in my efforts to speed the trial, I was not sufficiently careful to conceal from the jury my opinion on the merits of the litigation; at least it seems to me from a reading of the record, and my recollection of the incidents of the trial as confirmed thereby, that I may have given the jury ground to think that in my opinion the merits of the case rested with the defendant. It is apparent that several times I have made rulings in such terms and in such a manner as may have indicated this to the jury."

It is well settled that an order granting or refusing a new trial based upon a question of fact, or of both law and fact, is not appealable. In the present case the new trial was granted solely on a question of fact, and if nothing else appeared in the appeal it would be proper to dismiss it on that ground. As the defendants, however, raise the question of jurisdiction, the appeal will be considered for the purpose of disposing of that matter.

We may say, in passing, that no one could possibly know better than the trial Judge, in what terms and in what manner he made his rulings and whether he may have thereby indicated to the jury his opinion as to the merits of the case. Feeling as he did about the matter, the fair-minded presiding Judge could not have done other than grant a new trial.

With regard to the question of jurisdiction, the defendants take the position in argument that Judge Dennis was without jurisdiction to pass upon the motion after the Court adjourned *sine die* for the reason that at the time the motion was made by counsel for plaintiff in open Court and the notations were entered by the Court on its calendar, no one of defendants' counsel was present and consented to or acquiesced in what was done.

It is true that, under our practice, the trial Judge, upon motion for a new trial, may mark the case "heard" and decide the motion after final adjournment of the Court; but, in order for the trial Court to retain jurisdiction of the matter after *sine die* adjournment, it is not only proper but necessary that counsel representing the opposition—the defendants in this case—consent to such arrangement or acquiesce therein by making no objection thereto at the time. However, we do not find in the transcript of record before us any statement of fact that, at the time the motion was made and the notations were entered on the calendar, counsel for the defendants were not present and did not consent thereto or acquiesce therein; such statement is made only in the argument of defendants' counsel and is not agreed to by counsel for plaintiff. This Court has repeatedly held that a statement of fact not appearing in the transcript of record or agreed to between counsel representing the litigants will not be accepted as a fact by this Court on appeal. The presumption arises that the motion was made and acted upon in accordance with the usual practice in the trial Courts of this State with respect to such matters,

and that counsel for the defendants consented to the arrangement or acquiesced therein. When the defendants, as a basis for attacking the trial Court's jurisdiction to decide the motion after its final adjournment, contend that the facts are otherwise, they are bound, in order to prevail, to show in the record on appeal to this Court that such is the case. As they have failed to do so, the appeal must necessarily fall.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN (dissenting): In the Town of Hartsville, Darlington County, on April 5, 1930, James Nelson, a messenger boy for the Western Union Telegraph Company, while riding a bicycle, collided with a pedestrian, E. L. Blackwell, and, as a result of that collision, Blackwell died on April 17th. Following his death letters of administration were taken out and two suits were brought against the telegraph company and James Nelson; one for pain, suffering, and expenses, and the other for wrongful death. These cases were tried together on May 27, 28, 1931, and resulted in verdicts for the defendants in both cases; the verdicts being returned at 7:10 p. m. of the last day of Court. Upon the rendition of the verdicts, Mr. Hyman, representing the plaintiff, said: "If your Honor pleases (please) we would like to note a motion for a new trial on grounds to be supplied later." To this the Court replied: "Yes, sir, that will be all right." Thereupon the Circuit Judge entered upon the docket as to both cases: "Verdict for defts. Motion for new trial." Insofar as the record discloses, no attorney for the defendants was present when this took place.

Thereafter certain correspondence was had between the attorneys as to hearing the motion, with result that on July 24, 1931, the motion was heard by the Circuit Judge at chambers in Darlington. On October 2, 1931, an order was

signed granting a new trial. Let this order be reported in connection with this opinion.

Notice of appeal from this order was duly given, and a reversal is sought upon three grounds, namely: The jurisdiction of the Circuit Judge to hear the motion; no evidence to warrant the facts as found by the Circuit Judge upon which his order was based; and error in refusing to grant the motion for a directed verdict in favor of the telegraph company. In addition to contesting these grounds of appeal, the respondent counters with the proposition that the order is not appealable. We will first consider whether or not the order be appealable and then take up the grounds of appeal in inverse order.

It is well settled in this State that an order granting or refusing a new trial based upon a question of law is always appealable; when based upon a question of fact, or upon both law and fact, it is never appealable. *Snipes v. Davis,* 131 S. C., 298, 127 S. E., 447; *Ramer v. Hughes,* 131 S. C., 490, 127 S. E., 565; *Harvey v. Southern Ry. Co.,* 133 S. C., 324, 130 S. E., 884. Nor will an appeal lie from a purely discretionary order unless it can be shown that the exercise of that discretion was violative of law. *Town of Denmark v. Corley,* 100 S. C., 433, 84 S. E., 884.

It appears that the new trial was granted solely upon a question of fact and, if nothing else appeared in the appeal, it could be rightly held that the order was not appealable, but the question of jurisdiction is brought forward by the appellants and must be decided; hence, we will entertain the appeal.

Error is charged against the ruling of the Circuit Judge in not directing a verdict for the telegraph company upon the ground that the messenger boy was not in the service of the telegraph company at the time of the fatal collision. A careful reading of the transcript convinces us that the Circuit Judge was without error in sending the case to the jury. A recital of the evidence on this subject would serve

no useful purpose and is omitted. It likewise becomes a mere academic question as to whether or not this Court could order the direction of a verdict for the defendants under the supposed applicability of the case of *Tennent v. Southern Ry. Co. and State Highway Department* in 164 S. C., 28, 161 S. E., 860.

Error is also charged to the Circuit Judge in granting the new trial upon the grounds set out in his order. These grounds were in effect that the Circuit Judge felt that on several occasions during the progress of the trial he had made rulings in such terms and in such a manner as may have given the impression to the jury that the merits of the case were with the defendants. It is contended that there was no basis for this opinion of the presiding Judge, and that his conclusion, with no foundation upon which to rest, was error of law.

If we could rest our decision upon only the *rulings* of the Circuit Judge, we would be obliged to agree with the appellants. We have examined carefully his rulings, including his remarks thereupon, and we can discover no basis whatsoever for his fear that the jury may have been prejudiced thereby against the plaintiff. A certain degree of positiveness and firmness, not to say sternness, is essential on the part of every trial Judge. It is necessary, in order to make the attorneys expedite the trial of causes, to compel them to keep within the bounds of the case then under consideration and to prevent the asking of useless questions, as well as constant repetitions. That the Circuit Judge transgressed these limits the record does not show.

The Circuit Judge states, however, that it was his *manner*, as well as his rulings, which causes his conscientious uneasiness. As to that we have no possible way of determining other than to accept his word. As to his rulings we can, and have, come to a decision, but the cold type reflects no image of the manner in which those rulings were given. Nor is it an easy matter for this Court, even after the statement

of the Circuit Judge, to believe that the mild-mannered, patient, and courteous Circuit Judge, as we know him to be, should have shown by his manner a prejudice for or against any litigant in his Court. But "he himself hath said it" and we will abide by his decision.

The final question raises the point of jurisdiction to hear the motion for a new trial after the *sine die* adjournment of Court. We have before set out what took place upon the rendition of the verdict. It seems that there was a motion before the Circuit Judge to settle the case for appeal and at the hearing something was said by the Judge as to his entry on the docket. It appears in the statement on page 1 of the transcript the Judge said that this notation was intended by him as equivalent to marking the motion "heard." When, for good and sufficient reasons, and agreeable to all parties, a notice for a new trial cannot be heard at the same term at which the case was tried, it is entirely proper for the presiding Judge to mark the motion "heard" on his docket and then take it up at a later date. There is no statutory authority, however, for this procedure. In fact, the statute, Section 605, Code of 1932, provides that "such motions, if heard upon the minutes, can only be heard at the same term at which the trial is had."

In *Calhoun v. Port Royal & W. C. Ry. Co.,* 42 S. C., 132, 20 S. E., 30, it is held that while the motion must be heard at the same term, it does not require that it shall be decided at that time but may be decided later. There is, therefore, a statutory command that the motion must be heard at the same term, but the time for argument may be waived or postponed if the motion be called up, as it must be. But how can this postponement of argument and decision be accomplished? There are three distinct parties who have a legal interest in this statute, the presiding Judge and the attorneys for both plaintiff and defendant. Surely no one of the three can waive the legal rights of the other two, nor can any two waive the rights of the third. "Waiver," as has been many

times defined by this Court, "is the voluntary relinquishment of a known right." It cannot be soundly said that the attorneys for the defendants, with no knowledge of the motion, waived their right to have the motion heard at the same term at which the case was tried. Nor can it be said that in the absence of all knowledge of the motion they agreed to have the motion marked "heard" and taken up at a later date. Before the Court adjourned for the term there appeared on the docket the notation of "motion for new trial," and this notation said in unmistakable terms to all concerned that, according to the statute law of the State, it must be heard before the adjournment. In other words, some disposition of the motion must be made before the adjournment. The motion was not called up, it was not heard, and it was not marked "heard." The motion, therefore, expired with the adjournment of that term of the Court.

But, the respondents say to the appellant, you corresponded with me relative to the hearing of the motion and you even participated in the hearing without objection. You have, therefore, waived your right to object to the jurisdiction of the Circuit Judge to hear it. This would be perfectly true were it not that the jurisdiction assumed by the Circuit Judge in hearing the motion was addressed to the subject-matter of the action and not to the person. This distinction is of such uniformity and bears such universal approbation that the citation of the authorities to sustain it is hardly deemed necessary. More is required than the mere notice to the Court that a motion for a new trial would be made in order to give jurisdiction to the Court to hear the motion after adjournment, and if the Court should proceed to hear the motion after having lost its jurisdiction, it matters not that the attorneys for the parties appear and participate in such hearing. It is a question of jurisdiction of the subject-matter which can be raised for the first time in this Court and even by this Court itself.

The foregoing observations are made after a careful study

of the authorities, reference to some of which will now be made.

The statute provides that the motion must be heard at the same term, and "same term" means the term at which the trial was had. *Hinson v. Catoe,* 10 S. C., 311.

"The Circuit Judge is without jurisdiction to hear a motion on the minutes for a new trial after the term has ended." Syllabus of *Molair v. Port Royal & A. Ry. Co.,* 31 S. C., 510, 10 S. E., 243.

The Court has absolute control of all judgments, verdicts, and orders during the term at which they were rendered. *American Trust Co. v. Bloom,* 148 S. C., 389, 146 S. E., 249.

On the question of inability to waive jurisdiction of the subject-matter, the case of *Florence v. Berry,* 61 S. C., 237, 39 S. E., 389, 390, is in point. The Court says: "In the former [subject matter] the question of jurisdiction cannot be waived by any act or admission of the parties, for the very obvious reason that the parties have no power to invest any tribunal with jurisdiction of a subject over which the law has not conferred jurisdiction upon such tribunal."

That the jurisdiction of the Court in the present case in granting a new trial pertains to the subject-matter and not to the person has not been controverted.

The practice of marking a cause "heard" by consent and deciding it later is approved in *Lummus Cotton Gin Co. v. Counts,* 98 S. C., 136, 82 S. E., 391, and in *Roberts v. Wessinger,* 69 S. C., 283, 48 S. E., 248. See, also, the recent case of *Rhodes v. Southern Ry. Co.,* 139 S. C., 139, 137 S. E., 434. In all of these cases the consent of the parties was first had before the Court marked the cases "heard."

In the last-mentioned case it was held that upon marking the motion for a new trial "heard" by consent of all parties, the Circuit Judge had jurisdiction to hear it later in another county, but that he was without jurisdiction to hear another motion in the case which had not been brought up during the term and had not been marked heard by consent of the at-

torneys. To the same effect is *State v. Thompson,* 122 S. C., 407, 115 S. E., 326.

It has often been held by this Court that only matters or facts appearing in the transcript of record can be considered on appeals and there is no reason to depart from this principle. The appellant objects to the jurisdiction of the Circuit Court to hear the motion for a new trial, and we, therefore, look to the transcript to determine the jurisdiction of the Circuit Court. From what appears in the transcript, the motion was noted by Mr. Hyman, for the plaintiff, and it does not appear that any attorney was present representing the defendants. The Circuit Judge states that the notation on this docket was *intended by him* as equivalent to marking the motion "heard." He does not state that any attorney for the defendants was present nor that any attorney for the defendants acquiesced in his intention. The record before this Court is merely that the motion for a new trial was noted on the docket on the last day of the Court; that the notice was intended by the Circuit Judge as equivalent to marking it heard; and that the motion was heard some month or more thereafter. As before stated, motions for new trials may be marked "heard" and actually heard at a later day, but this must be done by consent of all interested parties, the presiding Judge and the attorneys for both parties. If an imperfect record of the proceedings, upon which we must rely, should fail to show the necessary jurisdictional requisites, then the want of jurisdiction may be established, and this Court, of its own motion, looking solely to the record before it could rightly raise the question and sustain it. With nothing more before this Court than the fact that the motion for a new trial was granted, it might be said that the presumption is that all things necessary to confer jurisdiction were regular, but this is not the case. The record endeavors to show facts upon which the Circuit Judge relied for jurisdiction, principally that his intention was to consider the notice as being equivalent to an entry of "heard"

upon his docket. When the facts are attempted to be set forth and reliance is placed upon them, the presumption of regularity vanishes.

The record fails to show the consent of the attorneys for the defendants to the subsequent hearing of the motion, and their *consent* is equally as important, if not more so, than the *intention* of the presiding Judge. And nowhere does it appear that any effort was made to call to the attention of the attorneys for the defendants the notation of the motion on the minutes on the day it was noted or to obtain their consent that the motion be marked "heard."

I think, therefore, that the Circuit Judge was without jurisdiction to grant a new trial, and that the judgment granting same should be reversed.