13666

PARKS v. BLUE RIDGE LUMBER CO. *ET AL.*

(170 S. E., 156)

*Messrs. Hicks & Johnston,* for appellants,

*Mr. J. D. Lanford,* for respondent,

July 13, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, J. C. Parks, commenced this action in the Court of Common Pleas for Greenville County, February 26, 1932, against the defendants, Blue Ridge Lumber Company, a corporation, Paul C. Carr, and one Pontiac sedan automobile, South Carolina license No. C—3458, motor No. 407834, for damages for personal injuries alleged to have been received in an automobile wreck. Issues being joined, the case was tried before Judge J. Henry Johnson and a jury at the November, 1932, term of said Court, resulting in a verdict for the plaintiff in the sum of $3,300.00. The case comes to this Court on appeal from an order of his Honor, Judge G. Dewey Oxner. The facts and issues involved in the

case are fully stated in the said order of Judge Oxner, which order reads as follows:

"This matter comes before me on motion of the plaintiff to dismiss the appeal of the defendant, upon the ground that the Notice of Intention to Appeal was served out of time, and that the motion would be based upon the record of the case.

"It appears that the case was tried on November 16, 1932, a verdict rendered for the plaintiff, for Thirty-three Hundred ($3,300.00) Dollars, and there appears upon the calendar in the hand write of his Honor, J. Henry Johnson, trial Judge, 'motion for N T noted' and nothing more. The Court adjourned *sine die* on December 10, 1932, without the Motion having been argued or without any disposition of the case otherwise. In fact it is stated by counsel for the plaintiff before me, and which is not controverted, that on the late afternoon of the 9th of December, 1932, he called the matter of the defendants' motion to the attention of Judge Johnson, in open Court, defendants' counsel not being present, and to which the Judge replied that nothing further had been mentioned to him, and that the motion died with the rising of the Court.

"On December 15, 1932, judgment was entered up on the verdict, cost taxed by the Clerk, and on December 21, 1932, counsel for the defendants delivered to counsel for the plaintiff the usual Notice of Intention to Appeal, and receipt was acknowledged of the same with all rights reserved to insist that the same was served out of time; that upon December 23, 1932, counsel for the plaintiff served notice that he would move before this Court at Chambers on December 27, 1932, for an order dismissing this appeal. The matter was argued before me on December 29, 1932, and after examining the authorities cited by counsel for both sides I am of the opinion that the appeal should be dismissed. Counsel for the defendants insists that a Motion for a New Trial was pending, and until such motion was decided the appeal should not be

dismissed. Section 605 (4) of the Code of 1932, provides that motion for a new trial 'can only be heard at the same term at which the trial is had.' It is admitted that the motion was never heard and neither was it marked heard by agreement of counsel by the Judge who tried the case, for further consideration. Therefore, it is clear that the motion died with the rising of the Court. Section 781, Code of 1932, clearly provides that in order to appeal from a judgment entered upon a verdict rendered one shall within ten days from the rising of the Court serve written notice of his intention to appeal upon the adverse party or his attorney and which it is admitted was not done in this case. It is:

"Ordered that the motion be granted, and the appeal is hereby dismissed.

"January 17, 1933.       "G. DEWEY OXNER,
                         *"Judge, 13th Circuit."*

For the reasons stated in said order of Judge G. Dewey Oxner, the same is hereby affirmed, and the appeal dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.