14290

ALTMAN v. EFIRD BROS. CO.

(185 S. E., 543)

Septem-
ber, 1935.

*Mr. Norbert A. Theodore,* for appellant,

*Mr. Roger M. Heyward,* for respondent,

May 7, 1936.

The opinion of the Court was delivered by MR. JUSTICE
BONHAM.

Plaintiff brought his action in the County Court for Richland County against the defendant on a cause of action set forth in the complaint, but which is not restated here since it has no relation to the grounds of appeal herein.

In the County Court the trial jury consists of six instead of twelve, as in the Court of Common Pleas, but the method of striking the jury is the same in the two Courts, except that in the County Court the panel presented to counsel consists of twelve instead of twenty and each party has three strikes instead of four, as in the other Court.

When the case was called for trial, the Clerk handed to the attorneys lists of the jurors from which the jury was to be struck. Upon this list appeared the name of S. B. Moyle, which was struck by plaintiff's attorney.

The following appears in the statement contained in the brief:

"At the call of the instant case the trial Judge made the usual inquiry whether the jurors were interested in the case or employed by the parties litigants and Mr. Moyle remained silent. When the jury was sworn the Court at the request of Mr. Heyward, counsel for the respondent, recessed for an hour, and when the recess was over Mr. Moyle came in the Court room with Mr. Heyward, counsel for the respondent, and sat with him and consulted with him. Counsel for the appellant read the complaint to the jury, and then Mr. Moyle read the answer of the defendant to the jury, and explained to the jury the defense which the defendant proposed to prove. At this juncture counsel for the appellant asked the Court if Mr. Moyle was 'of counsel' and counsel for the respondent said in reply, 'yes, Mr. Moyle is of counsel.' Mr. Moyle assisted in the trial of the case and prompted and helped Mr. Heyward during the entire trial. At the time that counsel for appellant made the above inquiry of the Court, counsel for the respondent, after advising the Court that Mr. Moyle was 'of counsel' advised the appellant's attorney that Mr. Moyle was a law student at the University of South Carolina and was in his senior year,

but did not advise counsel for appellant that Mr. Moyle used his office, and neither did he advise the Court nor counsel for the appellant before the jury was struck, that if Mr. Moyle was not selected as a juror to serve that he would be 'of counsel' after the jury was struck, as explained and set forth in the affidavits in the record of Mr. Heyward and Mr. Moyle."

The jury returned a verdict for the defendant, the attorneys of the parties not being present. Thereafter the attorney for the plaintiff, the attorney for the defendant not being present, stated to the Court that he would make a motion for a new trial, and was informed by the presiding Judge that he would note the motion and hear it after the jury term was ended. The motion was noted but not marked "heard" by the Court, nor was the attorney for defendant notified of this arrangement, nor did he agree to it. This occurred September 9. On September 14, after the expiration of the jury term, the Court informed counsel for the plaintiff that he would hear the motion for new trial on the 16th instant. At that time counsel for defendant informed the Court that he was taken by surprise; that he had no notice of a motion for new trial until that morning, when he was informed on the telephone by plaintiff's counsel that the motion would be heard that morning. He asked for time, which was granted. The motion was heard at a later date on the grounds for the motion stated by plaintiff's counsel, and upon affidavits submitted by defendant's counsel and Mr. Moyle. October 10, 1935, Judge Holman filed his order refusing the motion for new trial.

It is from that order this appeal comes.

The counsel for plaintiff offered no testimony, nor affidavits in support of the motion for new trial. We gather from the statement appearing in the record of what occurred at the hearing of the motion that the grounds of the motion were that Moyle was not a qualified juror; that when the presiding Judge at the trial asked the jurors if any of them were employed by or had any stock in the defendant com-

pany, the juror Moyle remained silent, and when struck by plaintiff sat by and assisted defendant's counsel in the trial of the case.

The jurors were not sworn on their *voir dire,* nor were any objections to the panel of jurors made by any one before the jury was selected.

At the hearing of the motion for new trial, the counsel for defendant submitted his own affidavit and that of Mr. Moyle, which are set out in the record and from which it appears that Mr. Heyward, defendant's attorney, said:

That Mr. Moyle is a law student at the University; spends part of his time in defendant's office and uses his books in preparing his lessons for his law course; that he has no connection with deponent in his law practice, or business, and is not employed by deponent in any way; that on one or two former occasions Mr. Moyle has requested of deponent that he be allowed to sit with him in the trial of cases and thus learn what he might of the practical side of law and Court procedure, to which deponent consented, and permitted Moyle to sit with him and read the pleadings, but he took no further part in the trials. That Mr. Moyle was the first juror struck by plaintiff; that after the jury was selected there was a delay of more than an hour in beginning the trial; during that interval, Mr. Moyle asked leave to sit with deponent, which was granted; when he started to read the answer to the jury, counsel for plaintiff asked if he was "of counsel," upon which counsel for defendant informed the Court and plaintiff's counsel that Mr. Moyle was a law student and was only going to read the answer; that no further objection was made by plaintiff's attorney. That Moyle had no further connection with the case, and had no connection whatever with it prior to his discharge as a juror at 10 o'clock that morning.

Mr. Moyle deposes: That he was drawn as a juror to serve during the week of July 22, 1935; that upon the advice of Judge Holman he informed the Clerk of Court that he would be out of town from July 15 to August 15; that

the Clerk informed him that he would be put on the "hold over" list, and that he must report for duty Monday, September 9, which he did. That he is a student in the law school of the University; that with Mr. Heyward's permission he uses the latter's office and books in the preparation of his lessons in his law course; that he has no business connection whatever with Mr. Heyward. That when he reported to the Court for duty Monday, September 9, he did not know any member of the jury panel for that day and did not talk to any of them. That deponent had no connection with the case prior to the time he was "struck" as a juror; that deponent having been excused from the jury asked of and obtained from Mr. Heyward his consent to sit with him and read the answer. That deponent was not employed by Mr. Heyward, nor the defendant, and it was only as a courtesy that he was allowed to take any part in the trial.

The exceptions cover the points made in the motion for a new trial.

The question of the qualification of Moyle as a juror is fully disposed of by the provisions of Sections 639 and 640, Vol. 1, Code 1932, as follows:

"§ 639. *When Objections to Jurors Must be Made.*— All objections to jurors called to try prosecutions, or actions, or issues, or questions arising out of actions or special proceedings in the various Courts of this State, if not made before the juror is empaneled for or charged with the trial of such prosecution, or action, or issue, or question arising out of actions, or special proceedings, shall be deemed waived; and if made thereafter shall be of none effect.

"§ 640. *Irregularity in Venire, Drawing, Etc., Not to Affect Verdict, Except in Certain Cases.*—No irregularity in any writ of venire facias, or in the drawing, summoning, returning or empaneling of jurors, shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."

If there was any merit in the contention that the juror did not comply with the provisions of Section 173 of Volume 1 of the Code 1932, counsel could with due diligence have ascertained the fact, and it was obligatory on him to make his objections to the juror known before the jury was selected. Having failed to do this, he is debarred by the provisions of Sections 639 and 640 from doing so now. He is deemed to have waived them.

The reasons which militate against the exceptions which challenge the refusal to grant a new trial because of the attitude and conduct of the proposed juror, S. B. Moyle, are several.

To begin with, no harm is shown to have come to plaintiff by reason of the fact that he "struck" this juror. If Moyle had gone on the jury, and it then developed that he was the recipient of kindly interest from defendant's counsel, appellant might have said with some show of plausibility that in all frankness he ought to have been apprised of this relationship. Doubtless with diligence he could have ascertained these facts. He says Moyle was unknown to him, therefore he challenged him. The statute gives counsel the opportunity to test the attitude of a prospective juror by having the Court examine him on his *voir dire*. Counsel did not avail himself of this opportunity. On the contrary, when Mr. Moyle read the answer to the jury and the Court, and counsel and the Court were informed by counsel for the defendant of Mr. Moyle's connection with the trial, he made no further objection; he did not move for a nonsuit, nor ask that the Court take the case from the jury and order a mistrial. He did nothing to evince that he thought he was being deprived of a fair and impartial trial —as he now alleges he was.

If, however, there had been merit in the grounds upon which he moved for a new trial, he did not take the proper steps by which to enable the Court to hear and grant his motion. Section 605 (Subdivision 4), of Volume 1, Code 1932, is as follows: "The judge who tries the

cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such motions, if heard upon the minutes, can only be heard at the same term at which the trial is had."

In the case of *Parks v. Blue Ridge Lumber Co.,* 170 S. C., 217, 170 S. E., 156, this is said: "It appears that the case was tried on November 16, 1932, a verdict rendered for the plaintiff, for Thirty-three Hundred ($3,300.00) Dollars, and there appears upon the calendar in the hand write [?] of his Honor, J. Henry Johnson, trial Judge, 'motion for N T noted' and nothing more. The Court adjourned *sine die* December 10, 1932, without the motion having been argued or without any disposition of the case otherwise. In fact it is stated by counsel for the plaintiff before me, and which is not controverted, that on the late afternoon of the 9th of December, 1932, he called the matter of the defendants' motion to the attention of Judge Johnson, in open Court, defendants' counsel not being present, and to which the Judge replied that nothing further had been mentioned to him, and that the motion died with the rising of the Court."

On motion to dismiss the appeal, Judge Oxner, after making the statement above quoted by us, said: "It is admitted that the motion was never heard and neither was it marked heard by agreement of counsel by the Judge who tried the case, for further consideration. Therefore, it is clear that the motion died with the rising of the Court."

In the case of *Eagerton v. Atlantic Coast Line R. Co.,* 175 S. C., 209, 178 S. E., 844, this appears: ·

"Has a trial judge the power and right, after the adjournment of the court *sine die,* to pass an order which reverses or modifies the order made in term time?

"It is such a well-settled principle of law in this state that, when a trial judge adjourns his court *sine die,* he loses jurisdiction of a case finally determined during that term, except under special circumstances, as where either by con-

sent or acquiescence of counsel for both sides, or postponing determination of motions duly entered during the sitting of the court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed, that any extended discussion thereof is deemed unnecessary."

In· the case now before the Court appellant's attorney, in the absence of respondent's attorney, notified the Court that he would make a motion for a new trial; thereupon, his Honor "noted" the motion, but did not mark it "heard." Thereafter, when the term of the Court had adjourned *sine die,* the trial Judge notified the attorney for appellant that he would hear the motion on a certain day.. On the morning of that day, appellant's counsel notified respondent's counsel that the motion would then be heard. Respondent's counsel appeared and stated to the Court that this was the first time that he had heard that a motion for a new trial had been made; that he was taken by surprise and asked for time, which was given him.

The Court had adjourned *sine die* before respondent's counsel was even aware that a motion for a new trial had been "noted"; there was no agreement of counsel about it, the motion was not marked "heard." The fact that respondent's counsel was called on and did resist the motion, after the Court had adjourned *sine die,* could not confer on the trial Judge jurisdiction to hear the motion. But if it be thought that his argument of the motion might be tantamount to an acquiescence which justified the trial Judge in hearing it, we are satisfied with the order denying the motion.

Counsel for appellant argues that the action of this Court in the case of *King v. Western Union Tel. Co.,* 167 S. C., 500, 166 S. E., 629, 631, is authority upon which to hold that Judge Holman had jurisdiction to hear the motion in the present case. That position is untenable. The Court in that case specifically reiterated and affirmed the principle in this language:

"It is true that, under our practice, the trial Judge, upon motion for a new trial, may mark the case 'heard' and decide the motion after final adjournment of the court; but, in order for the trial court to retain jurisdiction of the matter after *sine die* adjournment, it is not only proper but necessary that counsel representing the opposition * * * consent to such arrangement or acquiesce therein by making no objection thereto at the time. However, we do not find in the transcript of record before us any statement of fact that, at the time the motion was made and the notations were entered on the calendar, counsel for the defendants were not present and did not consent thereto or acquiesced therein; such statement is made only in the argument of defendants' counsel and is not agreed to by counsel for plaintiff. This court has repeatedly held that a statement of fact not appearing in the transcript of record or agreed to between counsel representing the litigants will not be accepted as a fact by this court on appeal. The presumption arises that the motion was made and acted upon in accordance with the usual practice in the trial courts of this state with respect to such matters, and that counsel for the defendants consented to the arrangement or acquiesced therein."

In the present case the record discloses that the attorney for respondent was not in the Court when the trial Judge, at the instance of the attorney for appellant, "noted" the motion for a new trial; that he knew nothing of it until he was notified the day the matter was called for hearing, after the Court had adjourned *sine die*.

The exceptions are overruled and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.