16037

SELLARS v. COLLINS *ET AL.*

(46 S. E. (2d) 176)

*Messrs. Whiteside & Taylor,* of Spartanburg, for Appellant,

*Messrs. Lyles & Lyles,* of Spartanburg, for Respondent,

February 2, 1948.

OXNER, Justice: This is an action to recover damages for personal injuries sustained by plaintiff on June 28, 1946, as result of a collision between a motorcycle which he was riding and an automobile driven by defendant. Plaintiff alleged that his injuries were due to the negligence and wilfulness of the defendant in the operation of said automobile. Defendant denied the material allegations of the complaint and set up a plea of contributory negligence and wilfulness. The case was tried in April, 1947, and resulted in a verdict for the defendant. On motion of the plaintiff, the trial Judge set aside the verdict and granted a new trial and from this order the defendant has appealed.

The first question for determination is whether an appeal will lie from the order granting a new trial.

It is well settled in this State that an order granting or refusing a new trial when based solely on an error of law is subject to review by this Court, but when the order is based upon questions of fact, or upon both questions of law and fact, it is not appealable. *Daughty v. Northwestern R. Co.,* 92 S. C. 361, 75 S. E. 553; *Ingram v. Hines, Director General,* 126 S. C. 509, 120 S. E. 493; *Snipes v. Davis, Director General, et al.,* 131 S. C. 298, 127 S. E. 447; *Walker et al., v. Quinn et al.,* 134 S. C. 510, 133 S. E. 444; *King v. Western Union Tel. Co. et al.,* 167 S. C. 500, 166 S. E. 629; *O'Barr v. Pioneer Life Ins. Co.,* 172 S. C. 72, 172 S. E. 769; *Marsh v. Pioneer-Pyramid Life Ins. Co.,* 174 S. C. 59, 176 S. E. 878; *Morrison v. South Carolina State Highway Department,* 181 S. C. 258, 187 S. E. 344. In *Marshall v. Charleston & S. Ry. Co.,* 57 S. C. 138, 35 S. E. 497, the Court said: "The well-settled rule is that this court cannot review an order refusing or granting a new trial except for error of law, as the court is without jurisdiction to review the judgment of the circuit court on ques-

tion of fact." The following from *Massey v. Adams,* 3 S. C. 254, has been frequently quoted with approval: "The only question proper for our consideration, is whether there was error of law in the order granting the new trial. If it was founded, either wholly or in part, on a conclusion from the fact contrary to that of the jury, then, according to the well-established principles governing the Court in regard to appeals, in which propositions of law do not arise, we cannot interfere." In dismissing an appeal from an order granting a new trial, the Court in *Bowman v. Harby,* 109 S. C. 396, 96 S. E. 144, said: "It is too plain for discussion that, under our decisions, the order is not appealable, because the new trial was not granted solely upon a question of law, but involved a consideration of the facts and the conduct of the trial."

We shall now consider the order appealed from with a view of determining whether it was based solely on an error of law. The motion for a new trial was upon the grounds (1) that the conduct of one L. C. Gossett, who was on the jury panel during the week in which the action was tried, was highly prejudicial to plaintiff; (2) that one of the defendant's witnesses, Mrs. Marsingale, denied on cross examination that she was related to the defendant, when in fact she was so related; and (3) that the verdict of the jury was contrary to the evidence. When the case was called for trial the Court inquired if any of the jurors were related to either of the parties. One member of the panel stated that he was related to the plaintiff and was excused by the Court. The juror Gossett remained silent and his name was among the twenty drawn from the jury box. From this list of twenty names the twelve jurors to serve on the case were to be selected. Plaintiff's counsel used one of his peremptory challenges in striking Gossett's name. The jury was duly selected and the trial proceeded. Gossett was called as the last witness for the defense. He testified that he operated a store which was located on the highway about five hundred feet from the scene of the accident and that the plaintiff was trav-

eling at a rapid rate of speed when the motorcycle passed his store. He admitted on cross examination that he was a fourth or fifth cousin of the defendant, but stated that he did· not disclose this fact when inquiry was made by the Court because he thought that it was too far off to "amount to much." After the testimony was completed and in the absence of the jury, Gossett was examined by the Court as to his failure to disclose this relationship before the trial commenced. He then admitted that he was a third or fourth cousin of the defendant. The Court reprimanded him and requested that he report the next morning, at which time the Court directed that his name be withdrawn from the jury panel, adjudged him in contempt, and ordered that he be confined in the County jail for one hour.

After reciting in his order the grounds of the motion for a new trial and relating the conduct of Gossett, which was found to be "reprehensible," the trial Judge said:

"Defendant's counsel argued that the plaintiff waived his right to a new trial by his failure to move for a mistrial at the time Gossett, on cross examination as a witness, made known his relationship to Collins. Under ordinary circumstances this might be true. I do not think that rule should apply in this case. In light of all the facts and circumstances I am convinced that the plaintiff was prejudiced by Gossett's action which made it necessary for the Court to rule him for contempt. * . * * I am fully persuaded that if the great right of trial by jury is to be preserved to the people, not only the jury box must be kept pure but there must be no conduct or circumstances which cloud the case with suspicion. *I listened with attentive interest to this case and I am convinced that the plaintiff did not receive a fair trial;· that the ends of justice would be subserved by granting plaintiff's motion.*" (Italics ours.)

The trial Judge erred in holding that it was not incumbent upon plaintiff's counsel to move for a mistrial if they felt that their client's rights were prejudiced by the conduct of Gossett. All the circumstances sur-

rounding this incident occurred in the presence of counsel, who should have complained then and not waited until after the jury rendered an adverse verdict. If the motion for a new trial had been granted solely on this ground, it would have been based on an error of law and subject to review by this Court. While a considerable portion of the order is devoted to a discussion of the conduct of Gossett, we cannot say that the trial Judge based his conclusion solely on this ground. The italicized sentence rather indicates that he concluded from a consideration of all the circumstances that the plaintiff did not receive a fair trial and that he was dissatisfied with the verdict rendered by the jury. In other words, it seems that the Court was weighing the evidence and passing on the general conduct of the trial when he concluded "that the plaintiff did not receive a fair trial" and "that the ends of justice would be subserved" by granting a new trial. We cannot substitute any opinion we may entertain for that of the trial Judge in a matter of this kind. It is enough to say that we find no manifest abuse of the discretionary power vested in the trial Judge.

In *Town of Denmark v. Corley,* 100 S. C. 433, 84 S. E. 884, 885, the Court said: "Two of the grounds upon which the new trial was granted involve questions of law which are untenable, and, if nothing further appeared, this court would render judgment absolute. There is, however, a third ground, upon which the new trial was granted, to wit, that the defendant did not have a fair trial. The record shows that the facts were involved in this ruling, and prevents this court from rendering judgment absolute."

We have not overlooked the case of *Harrington v. Nicholson,* 182 S. C. 38, 188 S. E. 372, the case principally relied upon by the defendant, in which the order of the Circuit Judge granting a new trial was reversed by this Court, but the order in that case clearly reveals that a new trial was granted for error of law.

We take this opportunity of saying that an order of this kind should be expressed in a manner which plainly indicates whether a new trial is granted by

virtue of the discretionary power vested in trial courts to grant new trials, or whether it is granted because the court conceives that error of law has been committed. If the motion is granted upon grounds which involve both questions of law and fact, this should clearly appear. Such a procedure would avoid any possibility of the intention of the trial Judge being misapprehended by this Court.

All exceptions are overruled and the appeal dismissed.

BAKER, C. J., and FISHBURNE, STUKES, and TAYLOR, JJ., concur.