18635

William J. ROBINSON, Respondent, v. JOHN H. FULLER and one 1955 Pontiac Fordor automobile bearing 1964 South Carolina License Number ES-8968, Appellants.

(154 S. E. (2d) 431)

*Rembert D. Parler, Esq.,* of *Butler, Chapman & Parler,* of Spartanburg, *for appellant,*

*Messrs. John C. Williams, Jr.,* and *Edwin W. Johnson,* of Spartanburg, *for respondent,*

April 25, 1967.

LEWIS, Justice.

This action was brought by plaintiff to recover for personal injuries allegedly sustained by him, when the defendant's automobile, through the negligence of defendant, fell from a jack upon plaintiff while he was underneath the vehicle making needed repairs. The trial of the case resulted in a verdict in favor of defendant. Thereafter, upon motion of plaintiff, the trial judge entered an order granting a new

344

trial, from which defendant has prosecuted this appeal. We need only decide whether the order granting a new trial is appealable.

It is well settled "that an order granting or refusing a new trial when based solely on an error of law is subject to review by this Court, but when the order is based upon questions of fact, or both questions of law and fact, it is not appealable." *Sellers v. Collins,* 212 S. C. 26, 46 S. E. (2d) 176; *Donkle v. Forester,* 238 S. C. 90, 119 S. E. (2d) 231.

It is true that the trial judge refers in his order to possible legal error in his charge to the jury; but he also reviews the facts, comments upon the weight of the testimony, and cites authority to sustain the power of the court to grant a new trial upon the facts. While the order is not as clear as it should be with respect to the exact basis of the court's decision, we conclude that it was based, at least in part, upon the exercise of the discretionary powers vested in trial courts to grant new trials. As such, it is not appealable. *Town of Denmark v. Corley,* 100 S. C. 433, 84 S. E. 884.

Appeal dismissed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.