19295

Ann M. HARLAN, Plaintiff-Respondent-Appellant, v. SATTER-FIELD CONSTRUCTION COMPANY, Inc., Defendant-Appellant-Respondent

(184 S. E. (2d) 339)

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-ville, and *G. Miller McCuen,* of Laurens, *for Defendant-Appellant-Respondent,* cite:

*W. Paul Culbertson, Esquire,* of Laurens, *for Plaintiff-Appellant-Respondent,* cites:

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, and *G. Miller McCuen,* of Laurens, *for Defendant-Appellant-Respondent, in Reply,* cite:

October 6, 1971.

BRAILSFORD, Justice.

Following a verdict for plaintiff in this personal injury action, which was the last case for trial at the regular April, 1970, term of the Civil and Family Court of Laurens, counsel for defendant orally moved for judgment *non obstante veredicto* or, alternatively, for a new trial. He requested that the court reporter transcribe part of the testimony, and that he be allowed to "get up (his) grounds" when the transcript became available and to state and argue the motions at a later date. Counsel for plaintiff objected vigorously, insisting that, at least, the grounds upon which defendant proposed to rest its motions be stated before adjournment. The court overruled plaintiff's objection and instructed the reporter to prepare a partial transcript, whereupon plaintiff participated in a discussion which culminated in "agreement" that the entire record be transcribed.

On April 21, during the second week following the trial, plaintiff served notice of a motion to dismiss defendant's motions upon the ground that the court had lost jurisdiction to entertain them. Pending hearing of this motion, the

transcript was completed on October 13, 1970, whereupon defendant prepared and served some fifteen grounds as bases for its alternative motions. After a hearing on October 23, the judge overruled plaintiff's motion and those of the defendant. Both parties have appealed from the refusal of their respective motions. Under our view of the case, we need consider only plaintiff's appeal, which is upon one exception charging error in the court's refusal to hold that it had lost jurisdiction of defendant's alternative motions, which were neither heard nor marked heard by consent before the rising of the court following the trial.

Circuit Court Rule 79 requires that a motion for judgment notwithstanding the verdict be made "before the adjournment of the court in which the case was tried,". and Section 10-1461, Code of 1962, imposes the same requirement upon a motion for a new trial based upon trial error. *Parks v. Blue Ridge Lumber Co.,* 170 S. C. 217, 170 S. E. 156 (1933); *Altman v. Efird Bros. Co.,* 180 S. C. 205, 185 S. E. 543 (1936). Such motions when heard at the trial term may be decided afterward, *Calhoun v. Port Royal & W. C. Railway Company,* 42 S. C. 132, 20 S. E. 30 (1894); and, under our settled practice, with the consent or acquiescence of the opposing party, the trial judge may retain jurisdiction beyond the term by timely noting the motions and marking them "heard." *King v. Western Union Telegraph Co.,* 167 S. C. 500, 166 S. E. 629 (1932). "(I)n order for the trial court to retain jurisdiction of the matter after *sine die* adjournment, it is not only proper but necessary that counsel representing the opposition * * * consent to such arrangement or acquiesce therein by making no objection thereto at the time. * * *" 166 S. E. at 631.

Counsel for defendant recognize that the jurisdiction of the court to entertain these motions after the trial term must rest upon plaintiff's previously manifested consent or acquiescence. Their answer to plaintiff's appeal is simply that the trial judge found that plaintiff did consent, and that, in this law case, this finding is conclusive of the issue. There

can be no doubt of the sufficiency of this answer *if* the trial judge so found, and *if* such finding is supported by any reasonable view of the evidence.

We do not so construe the order, from which we quote all of the pertinent language.

"Upon the rendition of the verdict, the Defendant moved for judgment not-withstanding the verdict or in the alternative, a new trial. Request was made by Defendant's Counsel to mark the case 'heard', this being the last case for the term; and to have motions heard at a later date. *Counsel for the Plaintiff insisted that the grounds for the motion be made known at that time* and argument thereon be heard later. Counsel for both parties finally agreed for the Court to transcribe the entire record prior to a hearing of the motions, to which the Court agreed. * * *

\* \* \*

"\* \* \* I feel there was sufficient agreement between Counsel as to the matter of marking it 'heard', transcribing the testimony, etc.; his main contention being that the Defendant's Counsel should have been required to state his grounds in support of his motions prior to adjournment of the Court. * * *"

It plainly appears from the order that plaintiff did not withdraw or waive his insistence that the grounds of the motions be stated prior to adjournment, *i. e.,* that the motions be timely made. Since consent to postponement of argument pending transcription of the proceedings, as found by the court, was thus conditioned, it was nugatory absent performance of the condition. There was no such performance, and defendant's motions died with adjournment.

In view of the foregoing, the lengthy colloquy between counsel and the court following defendant's request that these motions be marked "heard" need not be reviewed. Suffice it to say that no reasonable inference arises therefrom of consent or acquiescence within the meaning of the rule of practice. Instead, it plainly appears that plaintiff's

counsel was persistent in his opposition to the request until he was overruled by the court. Even then, in participating in the discussion as to what portions of the record should be transcribed, he declared, "I don't want any of it done, but if you are going to do it—."

For the reasons stated, defendant's motions were not viable when they were presented to the trial judge. It follows that defendant's appeal from the order refusing them is without merit.

Appeal dismissed.

Moss, C. J., AND LEWIS, BUSSEY AND LITTLEJOHN, JJ., concur.