20413

Oscar H. FISHER, Respondent-Appellant, v. Una L. TEACHEY et al., Appellants-Respondents.

(234 S. E. (2d) 655)

*Messrs. H. Dean Hall* and *J. Franklin McClain,* of *Hall & McClain,* Anderson, *for Appellants-Respondents.*

*N. Heyward Clarkson, III, Esq.,* of *Rainey, McKay, Britton, Gibbes & Clarkson,* Greenville, *for Respondent-Appellant.*

May 2, 1977.

*Per Curiam.*

Oscar H. Fisher commenced this action by complaint dated May 15, 1975 in which he requested that the court declare him to be the fee simple owner of a 3.6 acre tract of land located in Anderson County. He based his claim to the property on a chain of five deeds commencing with a deed from C. C. Glenn to Charlie Glenn dated January 21, 1931 and recorded March 1, 1955 in the Office of the Clerk of Court for Anderson County. Apart from the chain of deeds upon which Oscar H. Fisher bases his claim, the last registered owner of the property in question was J. D. Glenn who died intestate on June 1, 1932. Five heirs of J. D. Glenn submitted an answer to Mr. Fisher's complaint in which they denied that he had obtained fee simple title and asked the court to declare them to be the owners in fee simple of the subject property due to their status as owners of record.

The matter was referred to a special referee who concluded that title to the tract in question was vested in Oscar H. Fisher on several statutory grounds and by virtue of the common law presumption of a grant. The Honorable E. Harry Agnew confirmed the report of the special referee and, by decree dated July 23, 1976, held that fee simple title to the property was vested in Oscar H. Fisher.

Dorothy Glenn Clinkscales, one of the five heirs, filed a handwritten notice of intention to appeal on August 6, 1976 in which she stated that she received notice of the decree on July 30, 1976. However, it is agreed in the statement of the case that the notice of intention to appeal was not served on Oscar H. Fisher or his attorney until August 31, 1976.

On September 13, 1976, Mr. Fisher moved before the Honorable Rodney A. Peeples for an order dismissing the appeal on the ground that notice of intention to appeal was

not served on him or his attorney within the ten day period specified by Section 7-405 of the Code. This motion was denied and Mr. Fisher has appealed that decision and an earlier order dated September 3, 1976 which granted an extension of time to Mrs. Clinkscales.

As the notice of intention to appeal was not served on Oscar H. Fisher or his attorney within 10 days of Mrs. Clinkscales' notice of the July 23, 1976 decree, as required by Section 7-405 of the Code, her appeal must be dismissed for lack of jurisdiction. *See Parks v. Blue Ridge Lumber Co.,* 170 S. C. 217, 170 S. E. 156 (1933). Although the Court is without jurisdiction, we have reviewed the record and have determined that there would be no basis for overturning the concurrent findings of the special referee and the circuit judge were the matter before the Court.

It is the order of the Court that the appeal from the July 23, 1976 order is dismissed for lack of jurisdictiton. The orders of September 3, 1976 and September 15, 1976 from which Oscar H. Fisher appeals are reversed.