MARSHALL v. CHARLESTON AND SAVANNAH RY. CO.

NEW TRIAL—ERROR OF LAW.—Granting a new trial upon an erroneous
construction of the pleadings, or for lack of evidence on a point not
in issue, is error of law, and will be reversed on appeal.

Before KLUGH, J., Charleston, April, 1899.    Reversed.

Action by Sallie T. Marshall, administratrix of J. C. Marshall, against Charleston and Savannah Railway Co.   Defendant is appellant.

*Messrs. Mordecai & Gadsden,* for appellant, cite: 23 S. C., 226; 54 S. C., 95, 141; 36 S. C., 585.

*Messrs. Legare & Holman,* contra, cite: 53 S. C., 215.

April 3, 1900.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The jury in this action found a verdict for the defendant, which was set aside and a new trial granted.   The appeal is from the order granting a new trial. The well settled rule is that this Court cannot review an order refusing or granting a new trial, except for error of law, as the Court is without jurisdiction to review the judgment of the Circuit Court on questions of fact.   The order appealed from is as follows: "The plaintiff gave notice of a motion for a new trial on the minutes of the Court.   After hearing counsel for and against said motion, I am satisfied that the same should be granted.   The plaintiff established the negligence of the defendant, as alleged in the complaint, in my opinion, by the clear and strong preponderance of the evidence.   The affirmative defense set up in the answer alleges the negligence of the deceased in two particulars: First. His neglect of duty in failing to unload the car referred to the night before.   This, if established, could not be the proximate cause of his injury, and there could be no just ground for the verdict.   Secondly. The negligent manner in which he was having the car  unloaded  at the time of his

injury.   I hold that this second specification of negligence does not allege that it was an act of negligence on the part of the deceased, nor that it was beyond the scope of his employment to personally superintend the unloading of the articles referred to; nor does a fair construction of the language of the answer imply that his duties did not require him to do so, but rather the contrary.  Even if the answer admitted of such a construction, the deceased could not, under the facts of the case, be deemed a trespasser, and the testimony in that view would not, in my opinion, support the verdict.    It is, therefore, ordered, that the verdict of the jury be set aside, and that a new trial be and the same is hereby granted."

Appellant's exceptions to this order are as follows: "First. Because his Honor, the Circuit Judge, committed an error of law in holding that the affirmative defense set up in the answer alleges the negligence of the deceased in two particulars, to wit: 1st. His neglect of duty in failing to unload the car referred to, the night before.    2d. The negligent manner in which he was having the car unloaded at the time of his injury.    Second.  Because his Honor, the Circuit Judge, should have held as a matter of law that one of the affirmative defenses set up in the answer was that the deceased, J. C. Marshall, in personally superintending the unloading of these packages from the car, had voluntarily left his post of duty, and was performing services for his employer which were not included within his ordinary duties.    Third. Because his Honor, the Circuit Judge, erred as a matter of law in granting a new trial herein on the ground that the affirmative defense set up in the answer could not be construed to include the defense that the said J. C. Marshall was performing duties outside of the scope of ordinary employment, which were not required of him by his employer; when, as a matter of fact, such defense is clearly set out in the answer, and testimony bearing upon such defense was brought out by both plaintiff and defendant in the course of the trial, and such issue was presented to the jury, and passed upon by them, under the express instructions of the Circuit Judge."

The defense of contributory negligence to which the foregoing has reference was as follows: "That the death of the said J. C. Marshall was caused by his neglect of duty in failing to have said barrels of cabbage unloaded from said car on their arrival the previous night, and in so negligently unloading said barrels from said car on the morning of the 16th of March, 1898, as to obstruct the passage of a train of this defendant, which was backing into said station, and that but for said neglect of duty and want of care on the part of the said J. C. Marshall, the said accident would not have happened; such contributory negligence on the part of the said J. C. Marshall being the primary cause of his death." Analysis of this answer shows two specific acts relied on as contributory negligence: (1) neglect of duty in failing to unload the car the night previous to the injury; and (2) so negligently unloading the car on the day of the injury as to obstruct defendant's track. The second specification is independent of the first, relating to a different time and other conduct, and is broad enough to admit evidence for the purpose of showing that at the time of the injury, plaintiff's intestate was performing services for his employer not within his ordinary duties. Counsel for plaintiff evidently so construed the answer, for they, without objection, allowed evidence to be introduced for the purpose of showing that plaintiff was not at his post of duty at the time of the injury, and was voluntarily performing services not required of him. If there was any material variance between the pleadings and the proof, it does not appear that plaintiff's counsel were misled. Moreover, in his charge to the jury, the Court, at the request of the defendant's counsel, said: "On behalf of the defendant, I am requested to charge you: First. If an employee voluntarily leaves his post of duty and performs services for his employer which are not included within his ordinary duties, without any emergency requiring such duties, then the jury are entitled to take such fact into consideration in coming to their conclusion as to the contributory negligence of such employee. And I so charge

you; but I must remind you that you are to be governed in this case by the facts of the case as you ascertain those facts from the evidence; and in determining what are the facts, you are to look to, not only the evidence given on the witness stand, but also to the complaint and answer, the pleadings in the case, and see what are the admissions in these pleadings; and if you find from the answer that the defendant has alleged that the deceased was in the performance of his duty, that he had not left his post of duty, but was in the performance of his duty when he incurred this injury, then this proposition of law would not arise, and would not apply. If you conclude, as the request says, that the employee had voluntarily left his post of duty, and was performing services which were not required in his ordinary duties, then I charge you that you have the right to take that into consideration in determining whether or not he was negligent on his part. Second. If the deceased was performing duties outside of his ordinary duties, and which were not required of him by his employer, and if his want of skill and care in performing such services was the proximate cause of such injuries, then the defendant is not liable. If he was a volunteer, and was doing things he was not experienced about, which he had no skill and care in performing, and in that way was negligent, and his negligence of that kind contributed to his injury as a proximate cause, then that is a correct proposition of law, and the Court charges it to you." So that the issue was, in fact, submitted to the jury. Inasmuch, then, as the Circuit Court based the granting of the new trial upon an erroneous construction of defendant's pleading, there was error of law. If the Court had granted the new trial on his view of the evidence, and had concluded therefrom that plaintiff had sustained the charge of negligence in the complaint, and that defendant had failed to sustain the defence of contributory negligence, we could not interfere, upon the rule stated at the beginning of this opinion. But such is not the case. The Circuit Court does not find as a fact that the evidence failed to establish the plea of contribu-

tory negligence. He merely finds that, under the facts, plaintiff's intestate could not be deemed a *trespasser,* and that the testimony in that view would not support the verdict. There being no contention that plaintiff's intestate was a trespasser, the granting of a new trial based thereon was also erroneous.

The order granting a new trial herein is reversed, and the case is remanded for judgment, in accordance with the verdict of the jury.