## 9961

## BOWMAN v. HARBY.

### (96 S. E. 144.)

1. APPEAL AND ERROR—ORDER NOT APPEALABLE—ORDER GRANTING NEW TRIAL.—The trial Court's order, granting plaintiff new trial after verdict for him, on the ground that the jury did not understand the issues, so that the verdict was ·not an intelligent or intelligible solution to the controversy, is not appealable, since the new trial was not granted solely on a question of law, but involved consideration of the facts and the conduct of the trial.

2. COSTS—ORDER SETTLING CASE—*PRINTING ENTIRE RECORD*—REVERSAL.— Where plaintiff, on account of not proceeding according to the rules

of the Supreme Court in making up the case for appeal, was responsible for the order of the trial Judge settling the case for appeal, which required defendant-appellant to print the entire record of the trial in the Circuit Court, in violation of the rules of the Supreme Court, the order settling the case will be reversed, and defendant given judgment against plaintiff for the cost of printing the case for appeal, together with the costs and disbursements of his appeal from the order settling the case.

Before MEMMINGER, J., Sumter, Spring term, 1917. Appeal dismissed with costs against respondent.

Action by W. A. Bowman against H. J. Harby. From an order granting plaintiff new trial after verdict for him, and from order settling the case for appeal, defendant appeals, and plaintiff moves to dismiss the appeal from order granting him new trial. Appeal from the order granting new trial dismissed, and order settling the case on appeal reversed, and case remanded for a new trial.

*Messrs. L. D. Jennings, Lee & Moise, D. W. Robinson, R. D. Epps* and *A. S. Harby,* for appellant, cite: *As to order granting new trial being appealable:* 92 S. C. 361; 64 S. C. 485; 106 S. C. 517; 107 S. C. 502; 93 S. E. 187; 108 S. C. 486; 94 S. E. 878. *As to the merits of the appeal from the order granting the new trial:* 38 Cyc. 1901; 2 Ind. App. 293; 28 N. E. 324; 66 N. Y. 651; 7 Ore. 497; 1 Root 321 (Com.) ; 9 Ga. 543; 73 Ga. 55; 137 Ind. 519; 35 N. E. 907; 78 Mich. 399; 44 N. W. 396; 7 S. C. 316; Wheat 225; 2 Speer 395; 5 Rich. 186; 1 Bay 490; 137 Ind. 519; 35 N. E. 907; 77 Ind. 14; 87 Mo. App. 561; 10 Mass. 64; 1 Mass. 237; 7 Mass. 507; 149 Ind. 264; 49 N. E. 33; 138 Ind. 252; 36 N. E. 1094; 7 Tex. 584; 79 Wis. 383; 48 N. W. 479; 60 Ga. 398; 1 Minn. 134; 27 Miss. 313; 18 Mo. App. 459; 1 Nev. 253; 6 Kulp (Pa.) 373; 38 Cyc. 1904; 88 S. C. 197; 5 L. R. A. (N. S.) 578; 9 L. R. A. (N. S.) 411; 68 S. C. 435; 97 S. C. 386; 69 S. C. 454; 80 S. E. 497; 82 S. C. 198. *As to additional grounds suggested by respondent in support of the order granting new trial:* 75 S. C. 578; 104 S. C.

29; 65 S. C. 1; 72 S. C. 350; 98 S. C. 121; 98 S. C. 289; 75 S. C. 128; 75 S. C. 134; 75 S. C. 203; 75 S. C. 339; 81 S. C. 23; 79 S. C. 120; 63 S. C. 559; L. R. A. 1915b, pp. 1, *et seq.;* 56 Amer. St. Rep. 659; 5 Amer. St. Rep. 63; 69 Texas 353; 79 S. C. 143; 89 S. C. 471; 107 S. C. 387; 100 S. C. 36; 43 S. C. 94; 76 S. C. 541; 26 S. C. 116; 11 S. C. 320; 14 S. C. 411; 1 Greenleaf on Ev., 16th Ed., sec. 402, sec. 465a; Jones on Evidence, 2d Ed., sec. 847; 79 Mo. 330; 10 Encyc. Pl. and Pr., pp. 284-5; 7 Me. 94; 43 S. C. 211; 85 S. C. 366-7; 70 S. C. 477-8; 74 S. C. 12; 1 Greenleaf Ev., par. 462; 22 Mich. 220; 29 Mich. 173; 1 Greenleaf Ev., par. 463; Roscoe Cr. Ev. (5th Ed.), p. 183; 98 S. C. 123; 101 S. C. 405; 104 S. C. 29; Wigmore on Evidence, vol. II, secs. 12, 59, *et seq.*

*Messrs. John H. Clifton, Purdy & Bland* and *H. D. Moise,* for respondent, cite: *As to order granting new trial not being appealable:* 92 S. C. 361; 106 S. C. 214; 106 S. C. 512; 85 S. C. 82; 77 S. C. 325-326-327; 91 S. C. 181; 93 S. C. 576; 91 S. C. 37. *As to the merits of the order granting new trial:* 74 S. C. 8; 3 Jones on Evidence, p. 1881, sec. 856; Greenleaf on Evidence, 16th Ed., vol. I, p. 592, sec. 462; *Idem.,* p. 596, sec. 463; 40 Cyc., pp. 2723. 2724, 2725, 2732, 2733, 2734, 2754, 2755; 79 S. C. 182; 4 Corpus Juris., pp. 972-973-974; 143 App. Div. 7; 127 N. Y. 506; 14 Rich. 113 (48 S. C. L.); 16 S. C. 459; 65 S. C. 242; 75 S. C. 105; 68 S. C. 9; 1 Ed. 16 Am. & Eng. Encyc. of Law 591; 40 N. Y. 551, 66, 313, 314; 104 S. C. 16; 66 S. C. 546; 66 S. C. 302; 40 N. Y. 551; 47 L. R. A. (N. S.) 33.

April 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

A trial of the issues in this case was had before his Honor, Judge Memminger, and a jury. The jury returned a ver-

dict for the plaintiff for $1,569.53. The plaintiff moved for new trial on numerous grounds set out in the record. The trial Judge overruled all of the grounds taken, except one, which was that the jury did not understand the issues, and were not able to analyze the testimony so as to ascertain the truth, and apply the facts to the law as declared by the Court. Upon that ground, a new trial was ordered. The trial Judge clearly indicates in his order granting the new trial that he was not satisfied with the verdict for the reason stated. He says "the jury did not comprehend the issues submitted to them, and so the verdict is no intelligent or intelligible solution of the controversy." The defendant appealed from the order granting a new trial, and plaintiff moved to dismiss the appeal, because the order is not appealable.

It is too plain for discussion that, under our decisions, the order is not appealable, because the new trial was not granted solely upon a question of law, but involved a consideration of the facts and the conduct of the trial. Therefore the motion to dismiss the appeal must be granted, and it is so ordered.

But defendant appealed also from the order of the trial Judge settling the case for appeal, which required him to print the entire record, in the trial of the case in the Circuit Court in violation of the rules of this Court. For this the plaintiff was responsible in not proceeding according to the rules of this Court in making up the case for appeal. It is, therefore, the judgment of this Court that the order of the trial Judge settling the case be reversed, and that defendant have judgment against plaintiff for the cost of printing the "case" for appeal to this Court, together with the costs and disbursements of his appeal from the order settling the case.

Reversed and remanded.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

·MR. JUSTICE FRASER did not sit.