## 17764

Mrs. Millie DONKLE, Respondent, v. Johnnie Owens FORSTER, Appellant

(119 S. E. (2d) 231)

*Messrs Haynsworth, Perry, Bryant, Marion & Johnstone*, of Greenville, *for Appellant,*

*Messrs. J. G. Leatherwood* and *Rex L. Carter,* of Greenville, *for Respondent,*

April 10, 1961.

Moss, Justice.

This action was instituted by Mrs. Millie Donkle, the respondent herein, to recover damages for personal injuries sustained by her on November 1, 1959, while she was riding as a passenger in an automobile owned and driven by her husband. The respondent alleges in her complaint that the automobile in which she was riding was traveling in a southerly direction on Augusta Street, in the City of Greenville, South Carolina, and that the said automobile was brought to a complete stop for the purpose of making a left turn from said Augusta Street into East Tallulah Drive, and while so stopped, an Oldsmobile station wagon driven by Johnnie Owens Forster, the appellant herein, ran into and against the rear of the automobile in which the respondent was riding. The respondent charged in her complaint, in several particulars, that the appellant was guilty of negligence, carelessness and recklessness in the operation of his automobile, and that such proximately caused her injuries. The appellant interposed, by way of Answer, a general denial of the material allegations of the complaint.

This case was tried before the Honorable J. Robert Martin, Jr., and a jury, in July 1960, and resulted in a verdict in favor of the appellant. The respondent made a motion for a new trial on the ground that the verdict of the jury was

contrary to the evidence and that there was only one reasonable inference to be drawn therefrom, that the jury should have found a verdict for the respondent. The trial Judge set aside the verdict and granted a new trial, and from this order, the appellant has prosecuted this appeal. In the order granting a new trial, it was said:

"The motion was argued before me by counsel and after giving the matter careful and serious consideration, this Court is of the opinion that in view of the facts adduced at the trial, the jury should have rendered a verdict in favor of the plaintiff. To allow the jury's verdict to stand in this case would be a miscarriage of justice."

The exception of the appellant raises the question of whether the trial Judge committed error in granting a new trial.

It is well settled, under the decisions of this Court, that an order granting or refusing a new trial when based solely on errors of law is subject to review by this Court, but when the order is based upon questions of fact, or upon both questions of law and fact, it is not appealable. *Sellars v. Collins et al.,* 212 S. C. 26, 46 S. E. (2d) 176, and the cases therein cited. *Turner v. Carey,* 223 S. C. 477, 76 S. E. (2d) 671; *Nichols v. Craven,* 224 S. C. 244, 78 S. E. (2d) 376; and *Smith v. Traxler,* 228 S. C. 418, 90 S. E. (2d) 482.

The case of *Massey v. Adams,* 3 S. C. 254, was an action of trespass to try title. A verdict was rendered by the jury in favor of the defendant, and, on motion of the plaintiffs, a new trial was granted. Upon appeal, this Court said:

"The only question proper for our consideration, is whether there was error of law in the order granting the new trial. If it was founded, either wholly or in part, on a conclusion from the fact contrary to that of the jury, then, according to the well established principles governing the Court in regard to appeals, in which propositions of law do not arise, we cannot interfere."

In dismissing an appeal from an order granting a new trial, this Court, in *Bowman v. Harby,* 109 S. C. 396, 96 S. E. 144, said:

"It is too plain for discussion that, under our decisions, the order is not appealable, because the new trial was not granted solely upon a question of law, but involved a consideration of the facts and the conduct of the trial."

In *Harvey v. Southern Ry. Co. et al.,* 133 S. C. 324, 130 S. E. 884, this Court said:

"* * * The order of the circuit judge was plainly based upon a consideration of the evidence and a conclusion therefrom inconsistent with the verdict. The case therefore falls within the rule that, under these circumstances, the order is not appealable. *Snipes v. Davis,* 131 S. C. 298, 127 S. E. 447. *Ingram v. Hines,* 126 S. C. 509, 120 S. E. 493."

As we construe the order of the trial Judge granting a new trial, it was based upon a consideration of the evidence and a conclusion therefrom inconsistent with the verdict of the jury.

In *Marshall v. Charleston & S. R. Co.,* 57 S. C. 138, 35 S. E. 497, 498, this Court said:

"* * * Inasmuch, then, as the circuit Court based the granting of the new trial upon erroneous construction of defendant's pleading, there was error of law. If the court had granted the new trial on his view of the evidence, and had concluded therefrom that plaintiff had sustained the charge of negligence in the complaint, and that defendant had failed to sustain the defence of contributory negligence, we could not interfere, upon the rule stated at the beginning of this opinion. * * *"

The record shows that the facts were involved in the order of the trial Judge granting a new trial, and since the order was granted upon such ground, this Court cannot interfere.

The exception of the appellant is overruled and the appeal dismissed.

TAYLOR, C. J., and OXNER and LEGGE, JJ., and J. M. BRAILSFORD, JR., Acting Associate Justice, concur.