## 18753

Thomas Earl ROWE, a minor under the age of fourteen (14) years, by his Guardian *ad Litem,* Carl F. Rowe, Appellant, v. Lloyd A. FRICK, Respondent.

(159 S. E. (2d) 47)

*Messrs. J. Wesley Drawdy* and *William F. Able,* of Columbia, *for Appellant,*

*J. Reese Daniel, Esq.,* of Columbia, *for Respondent,*

January 26, 1968.

Moss, Chief Justice.

Thomas Earl Rowe, a minor nine years of age, by his guardian *ad litem,* brought this action against Lloyd A. Frick, to recover damages for personal injuries sustained. The plaintiff alleges that the defendant was driving his Chevrolet automobile in a southerly direction on U. S. Highway No. 21 near the town of Ridgeway, in the County of Fairfield, on July 10, 1965, in a careless, negligent and reckless manner and while so operating said automobile did drive same into, against and upon the minor plaintiff. The answer of the defendant was a general denial and that the injuries to the plaintiff resulted from his contributory negligence.

The case came on for trial before The Honorable Robert W. Hayes, Presiding Judge, and a jury, in the Court of Common Pleas for Richland County, on March 23, 1967, and resulted in a verdict for the defendant. During the course of the trial the plaintiff made a motion to strike the defendant's defense of contributory negligence, and for a directed verdict in favor of the plaintiff. After the rendition of the verdict by the jury the plaintiff made a motion for judgment *non obstante veredicto* and, in the alternative for a new trial. These motions were refused by the trial judge and this appeal followed.

U. S. Highway No. 21 is a two lane roadway, running in a generally north and south direction. The plaintiff resided with his parents on the eastern side of said highway and he had crossed the highway from his home to the family mailbox located on the western side of said highway and about four and one-half feet from the edge of the roadway. At the time of the injury to plaintiff, defendant was traveling in a southerly direction in a line of traffic in which

there were automobiles in front of him and to the rear. There was also a line of traffic in the northbound lane.

There were two eye witnesses to the accident, other than the defendant, in which the plaintiff was injured. One of the witnesses was driving an automobile in the southbound lane of the highway immediately to the rear of the defendant. The other was driving an automobile in the northbound lane of traffic. These two witnesses testified that the speed of the defendant was about 45 miles per hour, which was the approximate speed of all of the vehicles traveling on the highway in the vicinity of the accident. They further testified that the plaintiff was standing at a mailbox on the western side of the highway and as the defendant's automobile was passing the mailbox, he ran into the side of the car. According to their testimony they did not hear the defendant blow his horn nor did he turn or swerve in either direction, driving straight ahead. The witnesses testified that they saw no indication that the defendant applied his brakes.

The defendant testified that when he was approximately 50 to 60 feet from the mailbox he saw the plaintiff with his back towards the highway facing the mailbox and approximately 3 feet from the highway. He testified that as he approached the mailbox the plaintiff without any indication of moving or crossing the highway suddenly turned and "made a dart" towards the highway, running into the right side of his automobile at the door. The defendant stated that his speed was approximately 40 to 45 miles per hour and admitted that he did not slow down, blow his horn or apply his brakes prior to the accident. We quote the following from the testimony of the defendant:

"* * * And just as I was coming along down there by the mailbox, I seen the boy standing by the mailbox but I didn't dream he was going to go across the road and just as I got up close to him, he just made a turn around to go across the road and run right into the side of the car. There wasn't nothing I could do. There was no time to put on

brakes or blow a horn, it was done so quick and fast that you just couldn't do nothing."

This accident was investigated by a highway patrolman. He testified that the mailbox in question was approximately four and one-half feet from the edge of the road. At the edge of the road he found drops of blood almost directly in front of the mailbox and some south of the mailbox. This officer testified that he examined the automobile of the defendant and found the right front door bent and bits of flesh and blood stains on the side of the door and on the right front corner post. He testified that there was no damage to the front of the vehicle.

The first question for determination is whether the court erred in refusing to strike the defense of contributory negligence where the plaintiff was nine years of age upon the ground that the defendant had failed to affirmatively show the capacity of the plaintiff to be guilty of contributory negligence. It is a well settled rule in this state that between the ages of seven and fourteen years a child is presumed incapable of exercising judgment and discretion requisite to charge it with contributory negligence, but that such presumption is *prima facie* only, and can be rebutted by evidence of capacity. *Hollman v. Atlantic C. L. R. Co.,* 201 S. C. 308, 22 S. E. (2d) 892.

We think there was no error on the part of the trial judge in submitting to the jury the question whether the plaintiff possessed such intelligence, foresight and judgment that he could be charged with contributory negligence. We quote the testimony of the parents of the plaintiff which was given while being cross examined by the attorney for the defendant. The mother testified as follows:

"Q. Mrs. Rowe, you didn't particularly worry about Tommy crossing this highway, did you?

"A. I told Tommy to be careful, as I always did, but as far as worry, no, because he was accustomed to doing it."

\* \* \*

"Q. And you felt like he was capable of observing ordinary care in crossing the highway.

"A. Yes, sir."

The father testified on direct examination that his son was in the fourth grade and was making grades A's and B's in his school work prior to his injury, and upon cross examination he testified as follows:

"Q. Mr. Rowe, did you, knowing your son as you did, think he was perfectly capable of crossing that· highway at any time?

"A. Yes, sir.

"Q. He knew to look both ways for traffic?

"A. Yes, sir, he was taught that.

"Q. And both his background, his education and his home training and everything else would lead you to believe that he had sufficient training and capacity to be able to cross the highway safely?

"A. Yes, sir."

In view of the foregoing testimony the trial judge could not hold as a matter of law that the plaintiff lacked capacity to be guilty of contributory negligence. It was for the jury to say whether the evidence was sufficient to overcome the rebuttable presumption of incapacity to be guilty of contributory negligence. If the jury found that the evidence was sufficient to overcome the *prima facie* presumption, it was then the duty of the jury to determine the issue of fact as to whether the plaintiff was guilty of contributory negligence.

The next question for determination is whether the trial judge erred in refusing the motion of the plaintiff for a directed verdict upon the ground that the testimony conclusively showed that the defendant was guilty of negligence *per se,* gross negligence, willfulness and wantonness. It is the position of the plaintiff that the defendant was guilty of negligence *per se* in that he violated Sections 46-442, 46-582, 46-361 and 46-363 of the 1962 Code of Laws of South Carolina. A violation of these sections of

the Code constitutes negligence *per se* and is evidence of recklessness, willfulness and wantonness. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15. Even though the violation of an applicable statute is negligence *per se* and some evidence of recklessness, willfulness and wantonness, whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Spencer v. Kirby,* 234 S. C. 59, 106 S. E. (2d) 883. A directed verdict can only be granted when the evidence is susceptible of only one reasonable inference. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692.

In view of the evidence here, a portion of which has heretofore been cited, the trial judge committed no error prejudicial to plaintiff by submitting to the jury the question of whether the defendant was guilty of negligence *per se,* gross negligence, willfulness and wantonness, and the question of whether the plaintiff was guilty of contributory negligence. Under the evidence here the jury could have found that the defendant was not guilty of negligence, recklessness or willfulness. The jury likewise could have found that the defendant was guilty only of simple negligence and in that event, if the defendant had made out his plea of contributory negligence, such would have absolved him from liability to the plaintiff. We see no error on the part of the trial judge in refusing the plaintiff's motion for a directed verdict.

The third question for determination is whether the trial judge was in error in refusing the motion of the plaintiff for a new trial upon the ground that the verdict rendered by the jury was against the greater weight and preponderance of the evidence. This presents no issue for review by this court. It is well settled that an order granting or refusing a new trial based upon a question of fact is not appealable. *Donkle v. Forster,* 238 S. C. 90, 119 S. E. (2d) 231.

The other exceptions of the plaintiff are entirely too general, vague and indefinite to be considered. They do not comply with Rule 4, Section 6, of this Court.

All of the exceptions of the plaintiff are overruled and the judgment below is affirmed.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.