644 S.E.2d 808

**Kathe DROPKIN, Appellant,**

v.

**BEACHWALK VILLAS CONDOMINIUM ASSOCIATION, INC., Respondent.**

**No. 4236.**

Court of Appeals of South Carolina.

Heard March 6, 2007.

Decided April 16, 2007.

David H. Berry, of Hilton Head Island, for Appellant.

Erin DuBose Dean, of Beaufort, for Respondent.

STILWELL, J.

Kathe Dropkin filed this negligence action against Beachwalk Villas Condominium Association, Inc. Dropkin appeals the trial court's denial of her motion for a directed verdict on the issue of negligence per se and her motion for a new trial. We affirm.

## FACTS

In April 1998, Dropkin vacationed with her family at a Beachwalk condominium on Hilton Head Island, South Carolina. As Dropkin left the condominium one night to go to dinner, she slipped and fell down the staircase. Dropkin suffered serious injuries to her hip and incurred $60,000 in medical expenses. Dropkin commenced this action for negligence against Beachwalk.

Beachwalk was constructed in approximately 1980. Prior to trial, the parties stipulated the 1979 Standard Building Code applied at the time of construction. The 1979 Standard Building Code required the staircase to include a handrail located between thirty and thirty-four inches above the stair tread. The parties do not dispute that the handrail failed to meet the code.[1]

At trial, Dropkin moved for a directed verdict on the issue of negligence per se because the staircase was not code compliant. Dropkin did not move for a directed verdict on the issue of proximate cause. The trial court denied the motion finding the code violation merely evidence of Beachwalk's violation of its duty of care. The court submitted the case to the jury.

The verdict form asked, in pertinent part: "Do you find that the Defendant, Beachwalk Villas Condominium Association, Inc., was negligent and that this negligence proximately caused the Plaintiff's injuries?" Dropkin did not object to the verdict form. The jury rendered a verdict in favor of Beach-

---

1. It is difficult from the record to discern whether a handrail even existed. The staircase was flanked by a tall, solid-surface wall with a flat top on one side and a tall, wooden barrier with a wide, cupped top on the other side. As each was located approximately forty-three inches above the stair tread, neither was at the appropriate height to comply with the code.

walk. Dropkin moved for a new trial, arguing the trial court erred in failing to direct a verdict based on negligence per se, or, in the alternative, by failing to charge negligence per se to the jury. The trial court denied the motion.

## STANDARD OF REVIEW

 When ruling on directed verdict or JNOV motions, the trial court must view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002). The decision whether to grant a new trial is left to the sound discretion of the trial court and generally will not be disturbed on appeal. *Rush v. Blanchard*, 310 S.C. 375, 380, 426 S.E.2d 802, 805 (1993).

## LAW/ANALYSIS

Dropkin contends the trial court erred in refusing to direct a verdict as to her allegation of negligence per se, and erred in failing to grant her post-trial motions, because Beachwalk was negligent as a matter of law.[2] We find no reversible error.

 In order to recover for negligence per se in this case, Dropkin must prove an alleged duty, breach thereof, *and* the causal connection between Beachwalk's negligence and her injury before she is entitled to damages. "The finding of a statutory violation [in an action alleging negligence per se], however, does not end the inquiry. The causation of the injury must also be evaluated." *Whitlaw v. Kroger Co.*, 306 S.C. 51, 54, 410 S.E.2d 251, 253 (1991). In *Rowe v. Frick*, the plaintiff, a young boy injured while crossing a highway, alleged the defendant violated the applicable statute and injured him. 250 S.C. 499, 504–05, 159 S.E.2d 47, 50 (1968). Our supreme court found the issue of whether such an alleged breach proximately caused plaintiff's injury a question for the jury. *Id.* at 505, 159 S.E.2d at 51.

---

2. Dropkin's theory of negligence per se was not presented to the jury in the form of a jury instruction. Following the jury charge, Dropkin made no objection to the omission of an instruction on negligence per se.

Although Dropkin requested a directed verdict on the theory of negligence per se, a verdict form combining this issue with the issue of proximate cause was submitted to the jury without objection. The verdict the jury rendered could have been based on the lack of proximate cause. Furthermore, although Dropkin argues there is no evidence supporting a defense verdict on the issue of proximate cause, the record contains evidence from which the jury could conclude the handrail violation was not the proximate cause of Dropkin's injuries. Dropkin's own expert witness, Bryan Durig, testified as follows:

Counsel for Beachwalk: Now we all agree here today that the railings ... are in violation of the standard 1979 Standard Building Code based on the improper height; correct?

Mr. Durig: Yes. I mean, in my opinion they are, yes.

Counsel for Beachwalk: But that doesn't necessarily mean ... [the] code violation was the proximate ... cause of Mrs. Dropkin's fall; correct?

Mr. Durig: No, not—not the initiating event of the fall, no. The handrails are there to provide you [sic] once you have a mis-step. So uh my comments earlier about the roundness of the stairs and the fact that they were wet and don't have any traction, that's what initiated this event where she slipped and mis-stepped and lost her balance, and the handrails are designed to provide you some assistance in the case that you have that event, and in this case, they didn't provide them, so she continued to fall down.

So it's not the initiating event. It's a contributing factor, because they weren't there to properly help her regain her balance.

Beachwalk's expert witness, Allen Campbell, testified as follows:

Counsel for Beachwalk: All right. And were you able to come up um with—with an opinion, based on a reasonable degree of engineering certainty, uh with regard to the construction of the stairway relative to Mrs. Dropkin's accident?

Mr. Campbell: Yes.

Counsel for Beachwalk: And what—what opinion was that?

Mr. Campbell: Based on my review of the stairs, my assessment and reviewing her testimony, based on her own description of—of how she fell, it certainly is my opinion that she slipped on the stairs as she was descending, and the handrail is not an issue. She slipped on the treads, on more than one occasion.

 Because there is evidence to support the verdict on the issue of proximate cause, and the jury returned a general verdict as to the issues of negligence and proximate cause, we must uphold the verdict. Where a case is submitted to the jury on two or more issues and a general verdict is returned, the verdict will be upheld if it is supported by at least one issue. *Anderson v. West,* 270 S.C. 184, 188, 241 S.E.2d 551, 553 (1978).

Our supreme court has discussed this rule in detail:

"Under the 'two issue' rule, when the jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed on appeal." *Todd v. South Carolina Farm Bureau Mut. Ins. Co.,* 287 S.C. 190, 193, 336 S.E.2d 472, 473–74 (1985). The "two issue" rule may be applied by appellate courts in a few situations. In one situation, when a jury's general verdict is supportable by more than one cause of action submitted to it, the [appellate] court will affirm unless the appellant appeals all causes of action. *See Sierra v. Skelton,* 307 S.C. 217, 414 S.E.2d 169 (Ct.App.1991) (trial court's decision affirmed where jury returned a general verdict, and appellant only raised abuse of process issue, but failed to raise defamation issue). Under a second application of the "two issue" rule, the appellate court will find it unnecessary to address all the grounds appealed where one requires affirmance. *See Smoak v. Liebherr–America, Inc.,* 281 S.C. 420, 315 S.E.2d 116 (1984) (where case was presented to jury on negligence and breach of warranty causes of action, appellate court need not address breach of warranty exceptions if it finds that verdict was supported by the evidence under the theory of negligence).

These two applications of the "two issue" rule are illustrated in the following example: A case is submitted to the jury on the issues of defamation and invasion of privacy. The jury

returns a general verdict for the plaintiff. The defendant appeals, arguing that the trial court erred by failing to direct a verdict on the defamation issue. Under one application of the "two issue" rule, an appellate court would affirm because defendant has failed to appeal the invasion of privacy issue as well. Assuming, however, that the defendant has appealed both issues, the appellate court would affirm on the basis of a second application of the "two issue" rule, if either of the two issues supported affirmance.

*Anderson v. S.C. Dep't of Highways & Pub. Transp.*, 322 S.C. 417, 419–20, 472 S.E.2d 253, 254–55 (1996) (footnote omitted).

In this case, the issue of proximate cause supports affirmance. Accordingly, the trial court did not err in failing to direct a verdict and acted within its discretion in denying Dropkin's motion for a new trial. The order on appeal is

**AFFIRMED.**

HEARN, C.J., and GOOLSBY, J., concur.