THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Beverly L.
 Hampton, Appellant,
 v.
 Lora B. Pfohl, Respondent.
 
 
 

Appeal from Spartanburg County
Roger L. Couch, Circuit Court Judge
Unpublished Opinion No. 2010-UP-418
Submitted June 8, 2010  Filed September
 20, 2010
AFFIRMED

 
 
 
 Jon E. Newlon, of Greenwood, for Appellant.
 James W. Hudgens, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Beverly
 Hampton brought this negligence action against Lora Pfohl[1] after being involved in an automobile accident with Pfohl
 on September 14, 2004, in Greenville County, South Carolina.  At trial,
 immediately before the jury was charged, Hampton moved for a directed verdict
 on the issues of duty and negligence.[2]  The circuit court denied the motion.  The jury subsequently
 returned a verdict by checking "no" to the following question on the
 verdict form: "Do you find the defendant was negligent and that such
 negligence proximately caused the plaintiff's injuries?"  After the
 verdict was rendered, Hampton moved for a judgment notwithstanding the verdict
 (JNOV), a new trial absolute, and a new trial under the thirteenth juror
 doctrine.  All of Hampton's post-trial motions were denied.  This appeal
 followed.
On
 appeal, Hampton argues the circuit
 court erred in (1) denying her motions for a directed verdict and JNOV; (2)
 denying her motions for a new trial absolute and new trial under the thirteenth
 juror doctrine; and (3) charging comparative fault.  We affirm.
1.  As to Hampton's argument that the
 circuit court erred in denying her motions for a directed verdict and JNOV, we
 find no reversible error.[3]  Rather, we conclude the jury's verdict must be
 affirmed pursuant to the two-issue rule.  "Under the two-issue rule, when
 a jury returns a general verdict in a case involving two or more issues or
 defenses, and the verdict is supported as to at least one issue or defense that
 has been presented to the jury free from error, the verdict will not be
 reversed."  Cole v. Raut, 378 S.C. 398, 406-07, 663 S.E.2d 30, 34
 (2008).  Here, the evidence supports a finding that Hampton suffered no
 injuries as a result of her accident with Pfohl and thus Pfohl's alleged
 negligence did not proximately cause any damages to Hampton.[4]  Therefore, because
 the jury's verdict is supported as to at least one issue,[5] it must be upheld.  See Dropkin v. Beachwalk Villas Condo. Ass'n,
 373 S.C. 360, 365, 644 S.E.2d 808, 810 (Ct. App. 2007) ("Because there is
 evidence to support the verdict on the issue of proximate cause, and the jury
 returned a general verdict as to the issues of negligence and proximate cause,
 we must uphold the verdict.").
2.  With respect to Hampton's
 argument that the circuit court erred in denying her motions for a new trial
 absolute and new trial under the thirteenth juror doctrine, we find no error.  "The grant or denial of new trial motions rests within
 the discretion of the circuit court and its decision will not be disturbed on
 appeal unless its findings are wholly unsupported by the evidence or the
 conclusions reached are controlled by error of law."  RRR, Inc. v.
 Toggas, 378 S.C. 174, 182, 662 S.E.2d 438, 442 (Ct. App. 2008).  Here, as
 discussed above, we find the evidence supports the conclusion that Hampton did
 not suffer any damages as a result of her accident with Pfohl.  Accordingly,
 the circuit court did not err in denying Hampton's motions for a new trial absolute and new trial under the
 thirteenth juror doctrine.
3.  Finally, regarding
 Hampton's argument that the circuit court erred by charging comparative negligence,
 we find no preserved error.  "[A] party may not complain on appeal of
 error or object to a trial procedure which his own conduct has induced."  Erickson
 v. Jones St. Publishers, LLC, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006). 
 Here, Hampton asked the circuit court to use a comparative negligence verdict
 form.  Therefore, Hampton cannot now argue the circuit court erred in instructing
 the jury on comparative negligence.  
For
 the foregoing reasons, the circuit court's decision is
AFFIRMED.[6]
KONDUROS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] According to
 Pfohl's brief, her first name is "Lora," not "Laura" as set
 forth in the pleadings.  We order that the case caption be amended accordingly.
[2] To state a
 cause of action for negligence, the plaintiff must allege facts that
 demonstrate the concurrence of three elements: (1) a duty of care owed by the
 defendant; (2) a breach of that duty by negligent act or omission; and (3)
 damage proximately caused by the breach.  Kleckley v. Nw. Nat'l Cas. Co.,
 338 S.C. 131, 138, 526 S.E.2d 218, 221 (2000).
[3] Because Hampton
 did not move for a directed verdict at the close of all the evidence but rather
 waited until after closing arguments were completed, we question whether this
 issue is preserved for review on appeal.  See Rule 50, SCRCP note 2
 ("The motion for directed verdict may be made at the close of plaintiff's
 evidence, as well as at the close of all the evidence."); Freeman v. A.
 & M. Mobile Home Sales, Inc., 293 S.C. 255, 258-59, 359 S.E.2d 532, 535
 (Ct. App. 1987) ("Before a motion for judgment notwithstanding the verdict
 can properly be made, . . . a party must move for a directed verdict at the
 close of all the evidence."); 88 C.J.S. Trial § 442 (2001) ("According
 to some authority, it is too late to move for a directed verdict after the
 beginning of argument, or after the close of the testimony and argument of both
 parties, when reopening is wholly within the discretion of the court."
 (footnotes omitted)).  Nonetheless, as
 discussed herein, even if this issue is preserved, we find the jury's verdict
 must be affirmed.  
[4] In her amended
 complaint, Hampton alleged she suffered "physical harm and injuries"
 and incurred medical expenses; she did not claim any damages relating to her
 vehicle.  
[5] The issue of
 whether Hampton suffered any damages as a result of Pfohl's alleged
 negligence was pertinent to the question of Pfohl's liability and thus was subsumed
 in the verdict form's query, "Do you find the defendant was negligent and
 that such negligence proximately caused the plaintiff's injuries?"  See Stevens v. Allen, 342 S.C. 47, 52, 536 S.E.2d 663, 665 (2000) (holding
 if the jury finds the plaintiff has failed to prove damages proximately caused
 by the defendant's negligence, then it should render a verdict finding the
 defendant not liable rather than award the plaintiff zero damages).  
[6] We decide this
 case without oral argument pursuant to Rule 215, SCACR, and the parties'
 agreement.