**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Trumaine V. Moorer, Respondent,

v.

Norfolk Southern Railway Company, Appellant.

Appellate Case No. 2012-212062

———————————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-123
Heard January 15, 2014 – Filed March 19, 2014

———————————

**AFFIRMED**

———————————

Paul F. Tecklenburg and Rivers Thomas Jenkins, III, both of Tecklenburg & Jenkins, LLC, of Charleston for Appellant.

John E. Parker, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, and John A. Moss, of Steel & Moss, L.L.P., of Atlanta, Georgia, for Respondent.

———————————

**PER CURIAM:**  Norfolk Southern Railway Company (the Railroad), appeals the circuit court's denial of its motions for directed verdict and judgment

notwithstanding the verdict (JNOV) with respect to Trumaine V. Moorer's allegation of negligence in permitting him to return to work after a heat-related health incident. The Railroad also appeals the circuit court's denial of its directed verdict and JNOV motions as to Moorer's negligence claim based on the Railroad's failure to administer prompt aid during a second heat-related health crisis. The Railroad contends the circuit court erred in allowing Moorer's claim for lost future wages based on the current state of his health and appeals several evidentiary rulings including the circuit court's decision to prohibit explanatory testimony from one of the Railroad's witnesses and the refusal of certain jury instructions. We affirm.

1.      The circuit court did not err in refusing to direct a verdict or grant JNOV in the Railroad's favor as to Moorer's claim for negligent assignment. *See Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957) (stating a claim under the Federal Employers' Liability Act (FELA) should survive a directed verdict motion and go to the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought"); *Rogers v. Norfolk S. Corp.*, 356 S.C. 85, 92, 588 S.E.2d 87, 90 (2003) (holding that "[i]n ruling on a Motion for JNOV in a FELA action, a state court must ask whether more than a scintilla of evidence was presented which 'justif[ies] with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought'"(quoting *Mo. Pac.*, 352 U.S. at 506)); *id.* at 92-93, 588 S.E.2d at 90 (stating railroad owed a non-delegable duty to employee to provide a safe place to work even when working on the property of a third party); *Fletcher v. Union Pac. R.R. Co.*, 621 F.2d 902, 909 (8th Cir. 1980) ("The railroad is negligent if it knew or should have known that its assignment exposed the employee to an unreasonable risk of harm."); *Montgomery v. CSX Transp., Inc.*, 376 S.C. 37, 59, 656 S.E.2d 20, 31 (2008) ("The [court in *Blair v. Baltimore & O. R.R. Co.*, 323 U.S. 600 (1945),] expressly instructed that in a FELA case, the railroad's conduct should be judged as a whole, especially when the circumstances from which negligence might be inferred are so closely interwoven as to form a single pattern, and where each imparts character to the others." (internal quotation marks omitted)).

2.      The circuit court did not err in admitting the expert testimony of Professor Douglas Casa. *See Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005) ("Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the trial court. . . . A trial

court's ruling on the admissibility of an expert's testimony constitutes an abuse of discretion when the ruling in manifestly arbitrary, unreasonable, or unfair."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010) (indicating an expert "need not be a specialist in the particular branch of the field" provided the trial court finds "the proffered expert has indeed acquired the requisite knowledge and skill to qualify as an expert in the particular subject matter"); *State v. Robinson*, 396 S.C. 577, 586, 722 S.E.2d 820, 825 (Ct. App. 2012) (stating "defects in the amount or quality of education or experience go to the weight of the expert's testimony and not its admissibility").

3.      The circuit court did not err in refusing to grant directed verdict or JNOV in the Railroad's favor with respect to Moorer's claim for failure to render prompt aid. *See Mo. Pac.*, 352 U.S. at 506 (stating a claim under FELA should survive a directed verdict motion and go to the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought"); *Norfolk S. Corp.*, 356 S.C. at 92, 588 S.E.2d at 90 (holding that "[i]n ruling on a Motion for JNOV in a FELA action, a state court must ask whether more than a scintilla of evidence was presented which 'justif[ies] with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought'"(quoting *Mo. Pac.*, 352 U.S. at 506)); *id.* at 92-93, 588 S.E.2d at 90 (stating railroad owed a non-delegable duty to employee to provide a safe place to work even when working on the property of a third party); *Montgomery*, 376 S.C. at 59, 656 S.E.2d at 31 ("The *Blair* Court expressly instructed that in a FELA case, the railroad's conduct should be judged as a whole, especially when the circumstances from which negligence might be inferred are so closely interwoven as to form a single pattern, and where each imparts character to the others." (internal quotation marks omitted)); *Dropkin v. Beachwalk Villas Condo. Ass'n, Inc.*, 373 S.C. 360, 365, 644 S.E.2d 808, 810 (Ct. App. 2007) (holding under the two-issue rule, when a jury verdict involves two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed on appeal).

4.      The circuit court did not err in denying the Railroad's directed verdict motions or motions for JNOV based on Moorer's proof regarding future lost wages. *See Wilder v. Blue Ribbon Taxicab Corp.*, 396 S.C. 139, 148, 719 S.E.2d 703, 708 (Ct. App. 2011) ("The amount of damages suffered in a personal injury action is a question for the fact-finder.  Future damages are generally recoverable in personal injury actions as long as the damages are reasonably certain to result in the future

from the injury." (citation omitted)); *id.* ("Future damages in personal injury cases need not be proved to a mathematical certainty. Oftentimes a verdict involving future damages must be approximated. . . . The fact that difficulty may be involved in determining future damages does not prevent the granting of such relief where damages with reasonable certainty and probability will follow." (alteration and internal quotation marks omitted)); *Gorniak v. Nat'l R.R. Passenger Corp.*, 889 F.2d 481, 484 (3d. Cir. 1989) (providing a FELA plaintiff does not need to prove more probably than not that he will earn less money in the near future; rather, a plaintiff must show that his injury has caused a diminution in his ability to earn a living).

5.      The circuit court did not err in its handling of Dr. Paula Lina's disqualification letter and her related testimony. *See State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (internal quotation marks omitted)).

6.      The circuit court did not err in charging the jury. *See Stokes v. Spartanburg Reg'l Med. Ctr.*, 368 S.C. 515, 520, 629 S.E.2d 675, 678 (Ct. App. 2006) ("A trial court is required to charge the current and correct law. When reviewing a jury charge for alleged error, our court must consider the charge as a whole, in light of the evidence and issues presented at trial. An erroneous jury charge will not result in a verdict being reversed unless the charge prejudiced the appellant's case." (citations omitted)); *Berberich v. Jack*, 392 S.C. 278, 290, 709 S.E.2d 607, 613 (2011) (finding jury charge issue unpreserved when the instruction was not objected to at trial).

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**